TROY LAW, PLLC
*Attorneys for the Plaintiffs, the Proposed FLSA Collective*
*and the Potential Rule 23 Class Plaintiffs*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:     (718) 762-1324

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**---------------------------------------------------------------X**

LIANHUA WENG,
HAIHUA ZHAI, and
SHIMIN YUAN,
*on behalf of themselves and others similarly situated*
                                             Plaintiffs,
                       v.
KUNG FU LITTLE STEAMED BUNS RAMEN INC.
        d/b/a Kung Fu Little Steamed Buns Ramen;
KUNG FU DELICACY INC.
        d/b/a Kung Fu Little Steamed Buns Ramen;
KUNG FU KITCHEN INC.
        d/b/a Kung Fu Little Steamed Buns Ramen and
ZHE SONG a/k/a Peter Song,
"JOHN" LIU a/k/a Andy Liu,
ZHIMIN CHEN
                                             Defendants.
**---------------------------------------------------------------X**

**Case No: 17-cv-273**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**F.R.C.P. 23 CLASS ACTION**

**COMPLAINT**

        Plaintiffs LIANHUA WENG, HAIHUA ZHAI, and SHIMIN YUAN, (hereafter referred

to as "Plaintiffs"), on behalf of themselves and other similarly situated, by and through their

attorneys, Troy Law, PLLC, hereby bring this complaint against Defendants KUNG FU LITTLE

STEAMED BUNS RAMEN INC. d/b/a Kung Fu Little Steamed Buns Ramen; KUNG FU

DELICACY INC. d/b/a Kung Fu Little Steamed Buns Ramen; KUNG FU KITCHEN INC. d/b/a

Kung Fu Little Steamed Buns Ramen and ZHE SONG a/k/a Peter Song, "JOHN" LIU a/k/a

Andy Liu, and ZHIMIN CHEN (hereafter referred to as "Defendants") and state as follows:

## INTRODUCTION

1. This action is brought by Plaintiffs, on behalf of themselves and others similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay its employees, including Plaintiffs, overtime compensation for all hours worked over forty (40) each workweek.

3. Defendants refused to record all of the time that Plaintiffs and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

4. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

5. Plaintiffs further allege pursuant to New York Labor Law § 650 *et seq.* and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants:  (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from

employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act; (5) 9% simple prejudgment interest provided by NYLL; (6) post-judgment interest; and (7) attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

8. Plaintiff LIANHUA WENG was employed by Defendant KUNG FU LITTLE STEAMED BUNS RAMEN INC. d/b/a Kung Fu Little Steamed Buns Ramen located at 811 8th Avenue, New York, NY 10019 as a deliveryman from on or about January 1, 2014 to May 2015.

9. Subsequently, Plaintiff LIANHUA WENG was reassigned by Owner/ Operator Defendants to work for KUNG FU DELICACY INC d/b/a Kung Fu Little Steamed Buns Ramen located at 146 East 55th Street, New York, NY 10022 from May 2015 to on or about June 30, 2016.

10. Plaintiff HAIHUA ZHAI was employed by Defendant KUNG FU LITTLE STEAMED BUNS RAMEN INC. d/b/a Kung Fu Little Steamed Buns Ramen located at 811 8th Avenue, New York, NY 10019 as a deliveryman from on or about May 4, 2015 to January 21, 2016.

11. Plaintiff SHIMIN YUAN was employed by Defendant KUNG FU DELICACY INC d/b/a Kung Fu Little Steamed Buns Ramen located at 146 East 55th Street, New York, NY 10022 from on or about October 1, 2015 to April 30, 2016.

## DEFENDANTS

### Corporate Defendants

12. Defendant KUNG FU LITTLE STEAMED BUNS RAMEN INC. d/b/a Kung Fu Little Steamed Buns Ramen is a domestic business corporation organized under the laws of the State of New York with a principal address at 811 8th Avenue, New York, NY 10019.

13. KUNG FU LITTLE STEAMED BUNS RAMEN INC. d/b/a Kung Fu Little Steamed Buns Ramen is a business enterprise engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

14. KUNG FU LITTLE STEAMED BUNS RAMEN INC. d/b/a Kung Fu Little Steamed Buns Ramen purchased and handled goods moved in interstate commerce.

15. Defendant KUNG FU DELICACY INC. d/b/a Kung Fu Little Steamed Buns Ramen is a domestic business corporation organized under the laws of the State of New York with a principal address at 146 East 55th Street, New York, NY 10022.

16. KUNG FU DELICACY INC. d/b/a Kung Fu Little Steamed Buns Ramen is a business enterprise engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

17. KUNG FU DELICACY INC. d/b/a Kung Fu Little Steamed Buns Ramen purchased and handled goods moved in interstate commerce.

18. Defendant KUNG FU KITCHEN INC. d/b/a Kung Fu Little Steamed Buns Ramen is a domestic business corporation organized under the laws of the State of New York with a principal address at 610 8th Avenue, New York, NY 10018.

19. KUNG FU KITCHEN INC. d/b/a Kung Fu Little Steamed Buns Ramen is a business enterprise engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

20. KUNG FU KITCHEN INC. d/b/a Kung Fu Little Steamed Buns Ramen purchased and handled goods moved in interstate commerce.

21. Upon information and belief, KUNG FU LITTLE STEAMED BUNS RAMEN INC. d/b/a Kung Fu Little Steamed Buns Ramen; KUNG FU DELICACY INC. d/b/a Kung Fu Little Steamed Buns Ramen; and KUNG FU KITCHEN INC. d/b/a Kung Fu Little Steamed Buns Ramen are all members of Chinese "xiaolongbao", or "steamed bun" and "ramen" or "pulled noodle" chain known as Kung Fu Little Steamed Buns Ramen.

22. At all times relevant herein, Kung Fu Little Steamed Buns Ramen, was, and continues to be, single and joint employer and has had a high degree of interrelated and unified operation, and share common management, centralized control of labor relations, common ownership, common control, common website, common business purposes and interrelated business goals.

23. Kung Fu Little Steamed Buns Ramen shared employees, freely assigning and scheduling employees among the stores based on the stores' necessity.

24. Furthermore, Kung Fu Little Steamed Buns ramen shared goods and supplies and owned a warehouse in Queens from which they controlled the goods and supplies centrally.

25. Kung Fu Little Steamed Buns Ramen has three (3) active locations in New York City: 811 8th Avenue, New York, NY 10019; 146 East 55th Street, New York, NY 10022 and 610 8th Avenue, New York, NY 10018.

26. In fact, Plaintiff LIANHUA WENG was reassigned from KUNG FU DELICACY INC. d/b/a

Kung Fu Little Steamed Buns Ramen to KUNG FU LITTLE STEAMED BUNS RAMEN INC. d/b/a Kung Fu Little Steamed Buns Ramen by Boss ZHE SONG a/k/a Peter Song.

27. Kung Fu Little Steamed Buns Ramen are operated and controlled by founder and head chef ZHE SONG a/k/a Peter Song and his partners "JOHN" LIU a/k/a Andy Liu and ZHIMIN CHEN.

28. The three locations are listed on Kung Fu Little Steamed Buns Ramen's website (http://www.kfdelicacy.com/), with founder and head chef "Peter Song" featured as the Chinese actor turned chef/ restaurant owner.

29. Kung Fu Little Steamed Buns Ramen's focus on branding and uniformity of operations was reflected in the careful consistency of the physical appearance of Kung Fu Little Steamed Buns Ramen restaurant locations.

30. Upon information and belief, the copyrighted "Kung Fu Little Steamed Buns Ramen" logo, which features a ramen and little steamed buns are on the branded storefronts of all Kung Fu Little Steamed Buns Ramen chain locations.

*Owner/ Operator Defendants*

31. The Individual Defendants are the officers, directors, managers and/or majority shareholders or owners of Corporate Defendants, and as ten largest shareholders are individually responsible for unpaid wages under the New York Business Corporation Law.

32. At all relevant times, Defendant ZHE SONG a/k/a Peter Song also known as "Boss" to Plaintiffs, is an Owner and Manager and (1) has the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

33. At all relevant times, Defendant ZHE SONG a/k/a Peter Song is the owner, officer, director,

and/or managing agent of Kung Fu Little Steamed Buns Ramen and participated in the uniform day-to-day operations of the Kung Fu Little Steamed Buns Ramen enterprise and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Kung Fu Little Steamed Buns Ramen.

34. At all relevant times, Defendant "JOHN" LIU a/k/a Andy Liu was an Owner and Manager and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

35. At all relevant times, Defendant "JOHN" LIU a/k/a Andy Liu is the owner, officer, director, and/or managing agent of Kung Fu Little Steamed Buns Ramen and participated in the uniform day-to-day operations of the Kung Fu Little Steamed Buns Ramen enterprise and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Kung Fu Little Steamed Buns Ramen.

36. At all relevant times, Defendant ZHIMIN CHEN also known as "Boss" to Plaintiffs, was an Owner and Manager and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records.

37. At all relevant times, Defendant ZHIMIN CHEN is the owner, officer, director, and/or managing agent of Kung Fu Little Steamed Buns Ramen and participated in the uniform day-to-day operations of the Kung Fu Little Steamed Buns Ramen enterprise and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and

regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Kung Fu Little Steamed Buns Ramen.

38. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

39. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

40. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, proposed FLSA Collective Plaintiffs and potential Rule 23 Class Plaintiffs their lawfully overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

41. Additionally, tipped employees were also subjected to Defendants' failure to pay them proper minimum wage and policy of illegally retaining a portion of tipped employees' tips.

42. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

43. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

44. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations.

45. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with a Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and

net wages for each pay day.

46. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

47. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### Plaintiff LIANHUA WENG

48. On or about January 1, 2014, Plaintiff LIANHUA WENG was hired by Defendants to work as a deliveryman at KUNG FU LITTLE STEAMED BUNS RAMEN INC. d/b/a Kung Fu Little Steamed Buns Ramen located at 811 8th Avenue, New York, NY 10019.

49. On or about May 4, 2015, Plaintiff LIANHUA WENG was reassigned by Defendants to work as a deliveryman at KUNG FU DELICACY INC d/b/a Kung Fu Little Steamed Buns Ramen located at 146 East 55th Street, New York, NY 10022.

50. Between on or about January 1, 2014 to May 3, 2015, Plaintiff LIANHUA WENG worked from around 10:30 to 22:30 for twelve (12) hours a day for six (6) days a week, taking either Saturday or Sunday Off.

51. On average, however, Plaintiff LIANHUA WENG would stay after for at least half (0.5) an hour for three (3) out of six (6) days each week between on or about January 1, 2014 to May 3, 2015.

52. Between on or about January 1, 2014 to May 3, 2015, Plaintiff LIANHUA WENG was not given any breaks.

53. As a result, between on or about January 1, 2014 to May 3, 2015, Plaintiff LIANHUA WENG worked around seventy three and one half (73.5) hours each week.

54. Between on or about May 4, 2015 to October 14, 2015, Plaintiff LIANHUA WENG worked from around 10:30 to 22:00 for eleven and a half (11.5) hours a day for six (6) days a week, taking one (1) day off.

55. Between on or about May 4, 2015 to October 14, 2015, Plaintiff LIANHUA WENG was not given any breaks.

56. Between on or about May 4, 2015 to October 14, 2015, Plaintiff LIANHUA WENG worked around sixty nine (69) hours each week.

57. Between on or about October 15, 2015 to June 30, 2016, Plaintiff LIANHUA WENG worked from around 10:30 to 22:00 for eleven and a half (11.5) hours a day for five (5) days a week, taking two (2) day off.

58. Between on or about October 15, 2015 to June 30, 2016, Plaintiff LIANHUA WENG was not given any breaks.

59. Between on or about October 15, 2015 to June 30, 2016, Plaintiff LIANHUA WENG worked around fifty seven and a half (57.5) hours each week.

60. At all relevant times, Plaintiff LIANHUA WENG was not given a fixed time for lunch or dinner. He has less than 10 minutes to eat while on duty.

61. At all relevant times, Plaintiff LIANHUA WENG was paid a flat compensation of one thousand dollars ($1000) in cash every month.

62. At all relevant times, Plaintiff LIANHUA WENG was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

63. Defendants never informed Plaintiff LIANHUA WENG that they were taking tip credit towards the minimum wage.

64. Further, Plaintiff LIANHUA WENG had to peel boxes of shrimps, peel onion, peel hard-boiled eggs, fill in sauces and vinegar and pack.

65. Plaintiff LIANHUA WENG's non-tipped work exceeded two hours or twenty percent (20%) of the Plaintiff's workday.

66. Plaintiff LIANHUA WENG was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

### Plaintiff HAIHUA ZHAI

67. On or about May 4, 2015, Plaintiff HAIHUA ZHAI was hired by Defendants to work as a deliveryman AT KUNG FU LITTLE STEAMED BUNS RAMEN INC. d/b/a Kung Fu Little Steamed Buns Ramen located at 811 8th Avenue, New York, NY 10019.

68. Between on or about May 4, 2015 to October 14, 2015, Plaintiff HAIHUA ZHAI worked alternating weekly shifts from 10:30 to 21:30 or 11:00 to 22:00 for six (6) days a week, with Tuesday Off.

69. Between on or about May 4, 2015 to October 14, 2015, Plaintiff HAIHUA ZHAI worked around sixty six (66) hours each week.

70. Between on or about October 15, 2015 to January 21, 2016, Plaintiff HAIHUA ZHAI worked alternating weekly shifts from 10:30 to 21:30 or 11:00 to 22:00 for five (5) days a week, on Monday, Wednesday, Thursday, Friday, and Sunday; and from 17:30 to 22:00 for four and a half (4.5) hours on Saturday.

71. Between on or about October 15, 2015 to January 21, 2016, Plaintiff HAIHUA ZHAI worked around fifty nine and a half (59.5) hours each week.

72. Between on or about January 1, 2014 to May 2015, Plaintiff HAIHUA ZHAI was not given

any breaks.

73. At all relevant times, Plaintiff HAIHUA ZHAI was not given a fixed time for lunch or dinner. He has less than 10 minutes to eat while on duty.

74. At all relevant times, Plaintiff HAIHUA ZHAI was paid a flat compensation of one thousand dollars ($1000) in cash every month.

75. At all relevant times, Plaintiff HAIHUA ZHAI was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

76. Defendants never informed Plaintiff HAIHUA ZHAI that they were taking tip credit towards the minimum wage.

77. Further, Plaintiff HAIHUA ZHAI had to peel boxes of shrimps, peel onion, peel hard-boiled eggs, fill in sauces and vinegar and pack.

78. Plaintiff HAIHUA ZHAI's non-tipped work exceeded two hours or twenty percent (20%) of the Plaintiff's workday.

79. Plaintiff HAIHUA ZHAI was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

**Plaintiff SHIMIN YUAN**

80. On or about October 2, 2015, Plaintiff SHIMIN YUAN was hired by Defendants to work as a deliveryman at KUNG FU DELICACY INC d/b/a Kung Fu Little Steamed Buns Ramen located at 146 East 55th Street, New York, NY 10022.

81. Between on or about October 2, 2015 to April 24, 2016, Plaintiff SHIMIN YUAN worked alternating weekly shifts from 10:30 to 22:00 for five (5) days a week, with Saturday an

additional day (not fixed) Off.

82. Between on or about October 2, 2015 to April 24, 2016, Plaintiff SHIMIN YUAN worked around fifty seven and a half (57.5) hours each week.

83. Between on or about October 2, 2015 to April 24, 2016, Plaintiff SHIMIN YUAN was not given a break from 15:30 to 16:30. However, during this "break," Plaintiff was required to stay at the store and help do restaurant job.

84. At all relevant times, Plaintiff SHIMIN YUAN was not given a fixed time for lunch or dinner. He has less than 10 minutes to eat while on duty.

85. At all relevant times, Plaintiff SHIMIN YUAN was paid a flat compensation of one thousand dollars ($1000) in cash every month.

86. At all relevant times, Plaintiff SHIMIN YUAN was also not informed of his hourly pay rate or any tip deductions toward the minimum wage, and he was not paid overtime pay for overtime work.

87. Defendants never informed Plaintiff SHIMIN YUAN that they were taking tip credit towards the minimum wage.

88. Further, Plaintiff SHIMIN YUAN had to peel boxes of shrimps, peel onion, peel hard-boiled eggs, fill in sauces and vinegar and pack.

89. Plaintiff SHIMIN YUAN's non-tipped work exceeded two hours or twenty percent (20%) of the Plaintiff's workday.

90. Plaintiff SHIMIN YUAN was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

## **COLLECTIVE ACTION ALLEGATIONS**

91. Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

92. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

93. All said persons, including Plaintiffs, are referred to herein as the "Class."

94. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

95. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief,

there are over forty (40) members in the class.

*Commonality*

96. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.   Whether Defendant employed Plaintiffs and the Class within the meaning of the New York law;

    b.   Whether Plaintiffs and Class members are paid at least the minimum wage for each hour worked under the New York Labor Law;

    c.   Whether Defendants gave notice of use of tip credit towards the basic minimum wage for its tipped employees;

    d.   Whether Plaintiffs and Class members are entitled to overtime under the New York Labor Law;

    e.   Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiffs and the Rule 23 Class spread-of-hours pay as required by the NYLL;

    f.   Whether Defendants maintained a common policy, pattern and/or practice of failing to provide requisite statutory meal periods;

    g.   Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class's start of employment and/or or timely thereafter; and

    h.   At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

97. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime compensation. They were, furthermore, subject to illegal deductions. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

**Adequacy**

98. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent representing Plaintiffs in both class action and wage and hour employment litigation cases.

**Superiority**

99. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the

individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

100.   Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## **STATEMENT OF CLAIMS**

## COUNT I.
### [Violations of the Fair Labor Standards Act—Minimum Wage
### Brought on behalf of the Plaintiffs and the FLSA Collective]

101.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

102.   At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the similarly situated collective action members, for some or all of the hours they worked.

103.   The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

104.   Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of Plaintiffs and Rule 23 Class]

105.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

106.   At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

107.   At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

108.   Defendants knowingly and willfully violated Plaintiffs' and similarly situated Class

Members' rights by failing to pay him minimum wages in the lawful amount for hours

worked.

109.   An employer who fails to pay the minimum wage shall be liable, in addition to the

amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of

the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%)

after April 9, 2011 under NY Wage Theft Prevention Act, and interest.


### COUNT III.
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiffs and the FLSA Collective]

110.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

111.   The FLSA provides that no employer engaged in commerce shall employ a covered

employee for a work week longer than forty (40) hours unless such employee receives

compensation for employment in excess of forty (40) hours at a rate not less than one and

one-half times the regular rate at which he or she is employed, or one and one-half times the

minimum wage, whichever is greater. 29 USC §207(a).

112.   The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207

shall be liable to the employees affected in the amount of their unpaid overtime

compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

113.   Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated

the FLSA.

114.   At all relevant times, Defendants had, and continue to have, a policy of practice of

refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs

and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

115.    The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

116.    Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

117.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

### COUNT IV.
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiffs and Rule 23 Class]

118.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

119.    An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

120.    At all relevant times, Defendants had a policy and practice of refusing to pay the

overtime compensation to Plaintiffs at one and one half times the hourly rate the Plaintiffs and the class are entitled to.

121.   Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

122.   Defendants' failure to pay Plaintiffs were not in good faith.

### COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiffs and Rule 23 Class]

123.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

124.   The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith

### COUNT VI.
### [Violation of New York Labor Law—Failure to Provide Meal Periods
### Brought on behalf of Plaintiffs and Rule 23 Class]

125.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

126.   The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p.m. and 6 a.m. NYLL§ 162.

127.   Defendants failed to provide meal periods required by NYLL §162 for every day that Plaintiffs and the Rule 23 class work or worked.

128.   Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

129.   Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

**COUNT VII.**
**[Violation of New York Labor Law—Record-Keeping Requirements**
**Brought on behalf of Plaintiffs and Rule 23 Class]**

130.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

131.   Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

132.   As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

133.   Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiffs' labor.

134.   Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

## COUNT VIII.
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement
### Brought on behalf of Plaintiffs and Rule 23 Class]

135.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

136.   The NYLL and supporting regulations require employers to provide written notice of the

rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including

tip, meal, or lodging allowances; the regular pay day designated by the employer; the name

of the employer; any "doing business as" names used by the employer; the physical address

of employer's main office or principal place of business, and a mailing address if different;

the telephone number of the employer.  NYLL §195-1(a).

137.   Defendants intentionally failed to provide notice to employees in violation of New York

Labor Law § 195, which requires all employers to provide written notice in the employee's

primary language about the terms and conditions of employment related to rate of pay, regular

pay cycle and rate of overtime on their or her first day of employment.

138.   Defendants not only did not provide notice to each employee at Time of Hire, but failed to

provide notice to Plaintiffs even after the fact.

139.   Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover

from Defendants, jointly and severally, $50 for each workday that the violation occurred or

continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New

York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT IX.
### [Violation of New York Labor Law—New York Pay Stub Requirement
### Brought on behalf of Plaintiffs and Rule 23 Class]

140.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

141.   The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

142.   Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiffs, and did not provide the paystub on or after each Plaintiffs' payday.

143.   Due to Defendants' violations of New York Labor Law, each Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiffs together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## COUNT X.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434 Brought on behalf of the Plaintiffs]

144.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

145.   26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

146.   Due to Defendants' violations of 26 USC §7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

**COUNT XI.**
**[Civil damages for Deceptive Acts and Practices. Violations of New York General**
**Business Law §349**
**Brought on behalf of the Plaintiffs]**

147.   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

set forth herein.

148.   NY General Business Law §349 provides that if any person willfully files a fraudulent

information return with respect to payments purported to be made to any other person, such

other person may bring a civil action for damages against the person so filing such a return.

149.   Due to Defendants' violations of NY GBS Law §349, Plaintiffs are entitled to recover from

Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is

greater, or both such actions.

150.   Plaintiffs demand the right to examine, in person or by attorney, the minutes of the

proceedings of the shareholders and records of shareholders of Defendant Corporation to

recover wages owed as employees of the corporation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and

Rule 23 Class, respectfully request that this Court enter a judgment providing the following

relief:

a)      Authorizing Plaintiffs at the earliest possible time to give notice of this collective

action, or that the Court issue such notice, to all persons who are presently, or have up

through the extent allowable under the statute of limitations and including the date of

issuance of court-supervised notice, been employed by Defendants as non-exempt

employees. Such notice shall inform them that the civil notice has been filed, of the

nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)   Certification of this case as a collective action pursuant to FLSA;

c)   Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d)   A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)   An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)   An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law to the Plaintiffs and the Collective Action members plus compensatory and liquidated damages in the amount of twenty-five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)   An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)     Up to five thousand dollars ($5,000) per Plaintiffs for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)     Up to five thousand dollars ($5,000) per Plaintiffs for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)     An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)     The cost and disbursements of this action;

m)    An award of prejudgment and post-judgment fees;

n)     Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o)     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
January 13, 2017

TROY LAW, PLLC
*Attorney for Plaintiffs, Proposed FLSA*
*Collective & Potential Rule 23 Class*


  /s/ John Troy
John Troy (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com