```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                        :
LIANHUA WENG, HAIHUA ZHAI, SHIMIN YUAN, :
on behalf of themselves and other       :
employees similarly situated,           :
                                        :   17 civ. 273 (LAP)
                                        :
          PLAINTIFFS,                   :   MEMORANDUM & ORDER
                                        :
                                        :
          v.                            :
                                        :
                                        :
KUNG FU LITTLE STEAMED BUNS RAMEN INC.  :
d/b/a Kung Fu Little Steamed Buns Ramen;:
KUNG FU DELICACY INC. d/b/a Kung Fu     :
Little Steamed Buns Ramen; KUNG FU      :
KITCHEN INC. d/b/a Kung Fu Little       :
Steamed Buns Ramen and ZHE SONG a/k/a   :
Peter Song, "John" Liu a/k/a Andy Liu,  :
ZHIMIN CHEN,                            :
                                        :
                                        :
          DEFENDANTS.                   :
---------------------------------------X
```

LORETTA A. PRESKA, Senior United States District Judge:

Plaintiffs Lianhua Weng, Haihua Zhai, and Shimin Yuan, ("Plaintiffs"), on behalf of themselves and others similarly situated, bring this action under the Fair Labor Standards Act ("FLSA") and New York State Labor Law against corporate and individual Defendants Kung Fu Little Steamed Buns Ramen Inc., Kung Fu Delicacy Inc., Kung Fu Kitchen Inc., Zhe Song, John Liu, and Shimin Chen (collectively "Defendants"). Plaintiffs allege that Defendants violated federal and state labor laws including

1

by, <u>inter alia</u>, failing to pay Plaintiffs legally mandated minimum wages and overtime pay, provide meal breaks, and comply with record keeping and notice requirements.

Before the Court is Plaintiffs' Motion for Conditional Collective Action Certification ("Plaintiffs' Mot."). Plaintiffs' Mot. seeks an order:  1) granting employees collective action status pursuant to 29 U.S.C. § 216(b), 2) requiring Defendants to turn over information for non-managerial employees, 3) authorizing notice to be sent to members of the putative class, 4) ordering defendants to post the approved notice in various locations, and 5) authorizing the equitable tolling of the statute of limitations.

Plaintiffs' motion is GRANTED in part and DENIED in part.

I. **BACKGROUND**[1]

Named Plaintiffs are three former employees of two of the corporate Defendants, Kung Fu Little Steamed Buns Ramen Inc. (811 8th Avenue, New York, NY 10019) and Kung Fu Delicacy, Inc. (146 East 55th Street, New York, NY 10022). (<u>See</u> Complaint, Jan. 13, 2017 [dkt. no. 1].)  These two Defendants and the third corporate Defendant, Kung Fu Kitchen Inc. (610 8th Avenue, New York, NY 10018), "did business as" Kung Fu Little Steamed Buns

---

[1] The Court draws these facts from Plaintiffs' Complaint and the Affidavits Plaintiffs offer in support of Plaintiffs' Motion.

2

Ramen, a Chinese restaurant serving ramen noodles and steamed buns. (Id. at ¶¶ 8-11, 21.)  Individual Defendants Zhe "Peter" Song, John "Andy" Liu, and Zhimin Chen were owners and managers who participated in corporate Defendants' day-to-day operations. (Id. at ¶¶ 8-11.)  Plaintiffs allege that Defendants knowingly and willfully failed to:  pay them and those similarly situated lawfully owed overtime compensation; pay them minimum wage; keep full and accurate records of Plaintiffs' hours and wages including to mitigate liability for their alleged wage violations; and post New York State Department of Labor posters with information about minimum wage, overtime pay, tip credit, and pay-day information. (Id. at ¶¶ 39-47.)

Plaintiff Lianhua Weng ("Weng") worked as a deliveryman for Kung Fu Little Steamed Buns Ramen Inc. from approximately January 1, 2014 until May 2015, and subsequently as a deliveryman for Kung Fu Delicacy, Inc. from approximately May 2015 until June 30, 2016. (Id.)  Plaintiffs allege that during this time, Weng worked between approximately 57.5 and 73.5 hours each week without a break during the day.  (Id. ¶¶ 52-53, 56, 58.)  Plaintiff Haihua Zhai ("Zhai") worked as a deliveryman for Kung Fu Little Steamed Buns Ramen Inc. from approximately May 4, 2015 until January 21, 2016.  (Id. at ¶ 11.)  Plaintiffs allege that Zhai worked between 59.5 and 66 hours per week without a break during the day.  (Id. at ¶¶ 69, 71.)  Plaintiff

3

Shimin Yuan ("Yuan") worked for Kung Fu Delicacy, Inc. from approximately October 1, 2015 until April 30, 2016. (Id. at ¶ 11.) Yuan worked approximately 57.5 hours per week and was given an hour-long break during which he was required to stay in the restaurant. (Id. at ¶¶ 82-83.) The three Plaintiffs allege that Defendants paid them each $1000 per month, failed to pay Plaintiffs overtime when they worked more than forty hours per week, allowed Plaintiffs only ten minutes to eat meals, did not inform Plaintiffs that Defendants counted the tips Plaintiffs received towards Plaintiffs' minimum wage, and required Plaintiffs to do non-tipped work that exceeded two hours or 20% of their work day. (Id. at ¶¶ 60-66, 73-79, 84-90.)

Two additional Plaintiffs, Guangli Zhang ("Zhang") and Chengbin Qian ("Qian"), filed "Consent to Become Party Plaintiff" forms after named Plaintiffs filed their Complaint. Qian submitted an Affidavit stating that he worked as a waiter from March 15, 2016 to February 18, 2017 at Kung Fu Delicacy, Inc. and from February 18, 2017 to February 25, 2017 at Kung Fu Little Steamed Buns Ramen Inc. (See Aff. of Qian, June 26, 2017 [dkt. no. 26, Ex. 10], ¶¶ 82-83.) Qian states that his pay solely consisted of tips and was capped at $100 per day until the last week of his employment when he was paid $160 per day, that he worked 55 hours per week, received a one-hour long break

4

each day, and was not paid overtime. (Id. at ¶¶ 10, 12, 13, 18, 20.)

After Defendants answered Plaintiffs' Complaint on March 8, 2017, (see Def. Answer, Mar. 8, 2017 [dkt. no. 15]), Plaintiffs filed a Motion to Conditionally Certify a Collective Action Certification pursuant to 29 U.S.C. § 216(b) and submitted Affidavits of the three named Plaintiffs and one opt-in Plaintiff. (See Mot. Cond. Collec. Cert., June 26, 2017 [dkt. no. 26]); (Aff. of Weng, June 26, 2017 [dkt. no. 26, Ex. 7]); (Aff. of Zhai, June 26, 2017 [dkt. no. 26, Ex. 8]); (Aff. of Yuan, June 26, 2017 [dkt. no. 26, Ex. 9]); (Aff. of Qian.) Defendants opposed Plaintiffs' Mot., (see Mem. of Law in Opp. to Plaintiffs' Motion for Conditional Class Certification ("Defs' Mot."), July 14, 2017 [dkt. no. 31]), and Plaintiffs filed subsequently a Reply. (See Reply Mem. Of Law in Support of Plaintiffs' Motion for Conditional Certification ("Plaintiffs' Reply"), July 21, 2017 [dkt. no. 35].)

II. **DISCUSSION**

In their Mot. Cond. Collec. Cert., Plaintiffs move for an order (1) granting conditional certification of an FLSA collective action for all non-managerial employees who worked for the three corporate Defendants since January 13, 2014; (2) compelling Defendants to turn over all contact information,

5

social security numbers, work locations, and dates of employment for each of these employees; (3) authorizing equitable tolling of the statute of limitations pending expiration of the opt-in period; and (4) authorizing a proposed notice to be sent to members of the proposed putative class and requiring Defendants to post the proposed notice in various locations. (Plaintiffs' Mot. at 1-2.)

1. **Conditional Certification of a Collective Action under FLSA Section 216(b)**

   **A. Legal Standard**

The FLSA allows "any one or more employees" to bring an action against an employer "on behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b); Mata v. Foodbridge LLC, No. 14 CIV. 8754(ER), 2015 WL 3457293, at *2 (S.D.N.Y. June 1, 2015). Where a plaintiff seeks to bring a claim on behalf of similarly situated employees, "courts 'have discretion, in appropriate cases, to implement [section 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) (quoting Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989)). This process is known as "certifying a FLSA collective action." Guan v. Long Island Bus. Inst.,

social security numbers, work locations, and dates of employment for each of these employees; (3) authorizing equitable tolling of the statute of limitations pending expiration of the opt-in period; and (4) authorizing a proposed notice to be sent to members of the proposed putative class and requiring Defendants to post the proposed notice in various locations. (Plaintiffs' Mot. at 1-2.)

1. **Conditional Certification of a Collective Action under FLSA Section 216(b)**

   **A. Legal Standard**

The FLSA allows "any one or more employees" to bring an action against an employer "on behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b); Mata v. Foodbridge LLC, No. 14 CIV. 8754(ER), 2015 WL 3457293, at *2 (S.D.N.Y. June 1, 2015). Where a plaintiff seeks to bring a claim on behalf of similarly situated employees, "courts 'have discretion, in appropriate cases, to implement [section 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) (quoting Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989)). This process is known as "certifying a FLSA collective action." Guan v. Long Island Bus. Inst.,

Inc., No. 15-CV-2215(CBA), 2016 WL 4257549, at *1 (E.D.N.Y. Aug. 11, 2016) (internal quotation marks omitted).

Certification of a collective action under the FLSA is distinct from certification of a class action under Rule 23 of the Federal Rules of Civil Procedure. Jenkins v. TJX Cos., 853 F. Supp. 2d 317, 320 (E.D.N.Y. 2012). Therefore, a Plaintiff's proposed class need not meet Rule 23's requirements of numerosity, typicality, commonality, and representativeness. Levinson v. Primedia Inc., No. 02 CIV.2222 (CBM), 2003 WL 22533428, at *1 (S.D.N.Y. Nov. 6, 2003). Further, unlike Rule 23, once a court certifies the class, potential class members must opt-in to the litigation, rather than opt out.

The Court of Appeals employs a two-stage method in determining certification of a FLSA collective action. Yap v. Mooncake Foods, Inc., 146 F. Supp. 3d 552, 560 (S.D.N.Y. 2015) (citing Myers, 624 F.3d at 554). First, after "an early 'notice stage,'" Yap, 146 F. Supp. 3d at 560, the court may conditionally certify the collective action by "making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." Myers, 624 F.3d at 555. Then, "after discovery is largely complete" Yap, 146 F. Supp. 3d at 560, the court

7

evaluates "on a fuller record . . . whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the Plaintiffs." Myers, 624 F.3d at 555. A court may decertify a collective action if it determines Plaintiffs fail to meet this requirement at the second stage. Id.

The first stage is relevant here. During this conditional certification stage, Plaintiffs have the burden of making a "'modest factual showing' that they and potential opt-in Plaintiffs 'together were victims of a common policy or plan that violated the law.'" Myers, 624 F.3d at 555 (quoting Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997). Although Plaintiffs cannot overcome this burden by making "unsupported assertions," Plaintiffs have a "low standard of proof because the purpose of this first stage is merely to determine whether similarly situated plaintiffs do in fact exist." Myers, 624 F.3d at 555 (internal quotation marks omitted). Critically, in evaluating a motion for conditional certification of a collective action, the court need not "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." Lynch v. United Servs. Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007).

8

Of note here, discovery closed on February 22, 2018. (See Order Granting Extension of Time to Complete Discovery, Dec. 22, 2017 [dkt. no. 37].) Some courts have applied a more exacting level of scrutiny when some discovery has occurred, while others have done so where discovery is complete. Shanfa Li v. Chinatown Take-Out Inc., No. 16 CIV. 7787 (JCM), 2018 WL 1027161, at *3 (S.D.N.Y. Feb. 21, 2018) (citing Korenblum v. Citigroup, Inc., 195 F. Supp. 3d 475, 480-82 (S.D.N.Y. 2016)). However, other courts have applied a heightened standard only after the notice and opt-in periods have closed. Shanfa Li, 2018 WL 1027161, at *3 (collecting cases). Because the notice and opt-in periods have not expired, the Court requires only the "modest factual showing" for certification at the first stage.

### B. Application

Plaintiffs' Mot. seeks conditional certification for a broad class of individuals that includes all "non-managerial employees . . . who currently and/or previously worked" for any of the three corporate Defendants "from January 13, 2014 through the present" who "(i) worked overtime during that period; (ii) did not receive proper overtime compensation at one and one-half hourly rate; (iii) were not provided with overtimes notices as required by the FLSA; or (iv) were not provided with overtime notices as required by the FLSA." (Plaintiffs' Mot. at 7.)

9

At this stage, Plaintiffs have made the required, modest factual showing that deliverymen employed by two corporate Defendants, Kung Fu Little Steamed Buns Ramen Inc. and Kung Fu Delicacy, Inc., are similarly situated.  The named Plaintiffs allege that they worked between 57 and 69 hours per week, (Weng Aff. ¶¶ 12-13; Zhai Aff. ¶¶ 10-11; Yuan Aff. ¶ 9), for which they were each paid $1000. (Weng Aff. ¶¶ 14; Zhai Aff. ¶ 12; Yuan Aff. ¶ 10.)  Based on these three supporting Affidavits, which together state specific hours worked and uniform pay with respect to two of the corporate Defendants, the Court "may infer that other deliverymen worked similar shifts for comparable pay, thereby suffering the same violations of the FLSA."  See She Jian Guo v. Tommy's Sushi Inc., No. 14 CIV. 3946(PAE), 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014) (granting conditional certification of a class of deliverymen based on three supporting affidavits stating that defendants paid them between $960 and $1000 for 60 to 80 hours of work per week) (citing Caspar v. Personal Touch Moving, Inc., No. 13 Civ. 8187(AJN), 2014 WL 4593944, at *5 (S.D.N.Y. Sept. 15, 2014) (granting conditional certification based on affidavits of five individuals alleging that each worked more than 40 hours per week without overtime pay)).

However, Plaintiffs have not made the requisite factual showing to certify a broader class beyond deliverymen.  In

seeking collective action certification for all non-managerial employees, each of the named Plaintiffs' Affidavits alleges identically that "it is Defendant's policy to not pay [sic] any employees overtime because I have talked with other employees of all types at both of the locations that I worked."[2] (Weng Aff. ¶ 24; Zhai Aff. ¶ 21; Yuan Aff. ¶ 19.)  Despite speaking with "various other employees," Plaintiffs' factual allegations are void of the detail required to show that employees in other positions are similarly situated.  Weng's Affidavit references two other employees who are also paid $1000 per month but does not state the employees' titles or the work they performed (Weng Aff. ¶¶ 28-29.)  Zhai's Affidavit references other unidentified male and female "workers" who would "complain about their pay." (Zhai Aff. ¶ 26.)  Yuan's Affidavit mentions several employees by last name or ethnicity but fails to include their titles, duties performed, or hours worked. (Yuan Aff. ¶¶ 23-27.)

---

[2] Of note, Yuan swears in his Affidavit that he spoke with employees at "both of the locations that I worked," despite only stating that he worked at one location, 146 E. 55th Street, for the entire duration of his employment. (Yuan Aff. ¶¶ 6, 19.) Zhai's sworn statement also contains conflicting information with respect to his dates of employment.  He states that he was employed from May 4, 2015 to January 21, 2016 yet states subsequently that he worked at 811 8th Avenue from January 1, 2014 to May 3, 2015, and at 156 East 55th Street from May 4, 2015 to June 30, 2016, as Weng identically states in his Affidavit.  (Zhai Aff. ¶¶ 4, 6-7; Weng Aff. ¶¶ 6-7.)

These are precisely the "vague, conclusory, and unsupported assertions" that are an insufficient basis for conditional class certification. Tommy's Sushi Inc., 2014 WL 5314822, at *3. For Plaintiffs to meet their burden, they are "obligated to provide 'some probative information regarding similarly situated employees such as their names, their duties and their hours worked.'" Feng v. Hampshire Times, No. 14-CV-7102(SHS), 2015 WL 1061973, at *3 (S.D.N.Y. Mar. 11, 2015) (quoting Qing Gu v. T.C. Chikurin, Inc., No. 13-CV-2322 (SJ), 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014)). Apart from the surnames for some other workers, Plaintiffs have failed to provide any probative information, such as their approximate wages, hours, and duties, for employees who were not deliverymen. The fact that employees "would often complain to each other about our boss's employment policies, especially the pay" does not amount to a legally cognizable claim, let alone a violation of the FLSA. See Shanfa Li, 2018 WL 1027161, at *4 (quoting Myers, 624 F.3d at 555) ("The existence of complaints from 'other employees' regarding pay does not suggest that Plaintiffs and all of Defendants' non-managerial employees 'together were victims of a common policy or plan that violated the law.'").

The class of similarly situated employees does not extend to wait staff, for similar factual deficiencies. Plaintiffs submit one Affidavit ("Plaintiff's Affidavit") for an opt-in

12

Plaintiff who states he worked as a waiter. (Yuan Aff. ¶¶ 23-27.) It is true that a Plaintiff is not "required to buttress his motion with affidavits besides his own or with other documentary evidence" and a court may grant conditional certification solely based on one affidavit. Mata, 2015 WL 3457293, at *3. However, although the Affidavit states that Plaintiff worked eleven hours a day, five days per week, it is unclear whether he was actually paid less than minimum wage or denied lawfully owed overtime pay. (Yuan Aff. ¶¶ 23-27.) Although Plaintiff states that he received up to $100 per day for the first eleven months of his employment, then $160 per day for his last week, it is unclear how much he actually earned on a regular basis. See Guan Ming Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 510 (S.D.N.Y. 2010) (denying class certification where Plaintiff claimed to be underpaid in his affidavit but failed to specify how much money he actually earned from tips on a regular basis).

Plaintiff's Affidavit is also insufficient with respect to other waiters who are potentially similarly situated. The Affidavit states that wait staff pooled their tips and distributed them at night but does not indicate the hours that these other unnamed individuals worked. (Yuan Aff. ¶¶ 23-27.) Further, Plaintiff's Affidavit only mentions two individuals by name despite Plaintiff's working for one corporate defendant for

13

nearly a year. Regarding these two employees, Plaintiff only notes that "we were all very friendly with each other and we would often complain to each other about our boss's employment policies, especially the pay." (Id. ¶¶ 30-32.) Because the affidavit "do[es] not contain any allegations regarding, for example, the specific hours worked by, or the amounts paid to, other employees," and it does not provide further detail about any of these conversations or observations, Plaintiff's claims do not support adequately the conditional certification of wait staff. See Sanchez v. JMP Ventures, L.L.C., No. 13 CIV. 7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (denying collective action certification where Plaintiff did not show where or when his observations or conversations occurred).

2. **Employee Contact Information**

Plaintiffs' Mot. requests contact information "for all those individuals who have worked for the Defendants as a non-managerial employee between January 13, 2013 and the date this Court decides this Motion." (Plaintiffs' Mot. at 14.) Specifically, Plaintiffs request information "including, but not limited to last known mailing addresses, last known telephone numbers, last known email addresses, Social Security numbers, work locations, and dates of employment."

14

Courts have ordered the turnover of employee contact information to effectuate the FLSA's remedial purpose. See, e.g., Morales v. Plantworks, Inc., No. 05 CIV. 2349(DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006). However, "the disclosure of employee social security numbers raises obvious privacy concerns." Guan Ming Lin, 755 F. Supp. 2d at 514; see also Mata, 2015 WL 3457293, at *4 (declining to order production of social security numbers for privacy reasons). Because Plaintiffs offer no reason for requesting employee social security numbers, the Court denies Plaintiffs' request to order their production. In keeping with the FLSA's remedial purpose, however, the Court orders Defendants to produce the following contact information of deliverymen who worked at Steamed Buns Ramen Inc. (811 8th Avenue, New York, NY 10019) and Kung Fu Delicacy, Inc. (146 East 55th Street, New York, NY 10022) within the three year statute of limitations period, discussed below: last known mailing addresses, last known telephone numbers, last known email addresses, work locations, and dates of employment.

### 3. Equitable Tolling

The FLSA generally affords plaintiffs a two-year period to file a claim, unless there is a "willful violation," which allows for an extension of the period to three years. 29 U.S.C. § 255(a); Yap, 146 F. Supp. 3d at 565. To establish a "willful

15

violation," a plaintiff must show that the employer either knew or acted in reckless disregard as to whether its conduct was prohibited by the statute. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 130 (1988) (citing Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 125-130 (1985)); see also Galeana v. Lemongrass on Broadway Corp., 120 F. Supp. 3d 306, 215 (S.D.N.Y. 2014). Where, as here, plaintiffs allege that defendants' violations were willful and plaintiffs' supporting affidavits "tend to support those allegations" this may be sufficient to impose a three-year statute of limitations. Tello v. A.N.G. Diner Corp., No. 17CV749 (RRM), 2018 WL 840045, at *10 (E.D.N.Y. Feb. 12, 2018). Accordingly, the Court finds that Plaintiffs have sufficiently pleaded that Defendants' actions were "willful," and the opt-in period is thus extended to three years. (See, e.g., Compl. ¶¶ 39-47.)

However, the Court denies Plaintiffs' request equitably to toll the statute of limitations for 90 days until the expiration of the opt-in period (Plaintiffs' Mot. at 9.) Equitable tolling is applied "only in rare and exceptional circumstances." Phillips v. Generations Family Health Ctr., 723 F.3d 144, 150 (2d Cir. 2013) (citation omitted). It is appropriate "where a plaintiff has been prevented in some extraordinary way from exercising his rights." Tommy's Sushi Inc., 2014 WL 5314822, at *6 (citing Johnson v. Nyack Hosp., 86

16

F.3d 8, 12 (2d Cir. 1996). Plaintiffs have not demonstrated that equitable tolling is warranted here or presented any time-barred plaintiffs. Accordingly, the Court declines to toll the statute of limitations.

### 4. Proposed Notice and Posting

Defendants oppose Plaintiffs' proposed Notice of Pendency on several grounds: (1) it is premature and overbroad because the Court has not yet determined the scope of the collective action; (2) it should provide precise information regarding attorney fees; and (3) it should only include employees who worked two years from the present. (Defs.' Mot. at 10-11.)

First, because the Court has conditionally certified a class consisting only of deliverymen who worked at Steamed Buns Ramen Inc. (811 8th Avenue, New York, NY 10019) and Kung Fu Delicacy, Inc. (146 East 55th Street, New York, NY 10022), subject to the three year statute of limitations, Plaintiffs must revise the scope of their Proposed Notice of Pendency and Publication accordingly.

Second, Defendants argue that Plaintiffs' notice must include a disclosure of the fee arrangement between prospective plaintiffs and Plaintiffs' counsel, as well as the percentage that counsel will deduct from any recovery. (Defs' Mot. 10.) It is standard for a Notice of Pendency to include general

information so that "potential class members [] have a general understanding that plaintiffs' counsel will take a portion of any settlement or money judgment the class receives." Tommy's Sushi Inc., 2014 WL 5314822, at *4 (citing Melgadejo v. S & D Fruits & Vegetables Inc., No. 12 Civ. 6852(RA), 2013 WL 5951189, at *5 (S.D.N.Y. Nov. 7, 2013)). Plaintiffs should revise the Notice of Pendency to include this information. However, because this Court must approve any percentage of an opt-in for Plaintiff's recovery that will be owed to Plaintiffs' counsel in the case of settlement, at this point it is premature to include that specific information on a Notice of Pendency. See id.

Third, as addressed in Part II.3, the statute of limitations indicated in the Notice of Pendency should be three years, not two.

The Court hereby directs Plaintiffs' counsel to revise the Notice of Pendency in accordance with the foregoing and submit the revised Notice to Defense Counsel by April 11, 2018. Defendants should submit any objections to the revised Notice by April 25, 2018. Because Defense counsel has not opposed the method of distribution, following the Court's approval Plaintiffs may submit the Notice directly to members of the conditionally certified class via mail and may post the Notice on employee bulletin boards at Steamed Buns Ramen Inc. (811 8th Avenue, New York, NY 10019) and Kung Fu Delicacy, Inc. (146 East

18

55th Street, New York, NY 10022). As is requested and commonly granted, Plaintiffs may mail the Notice of Pendency to potential class members in English and Mandarin. See id., at *6 (collecting cases).

### III. CONCLUSION

For the foregoing reasons, the Court hereby: (1) conditionally certifies a class of deliverymen employed by Kung Fu Little Steamed Buns Ramen Inc. (811 8th Avenue, New York, NY 10019) and Kung Fu Delicacy, Inc. (146 East 55th Street, New York, NY 10022) for the past three years; (2) orders Defendants to produce to Plaintiffs contact information as set forth in Section II.2; and (3) orders Plaintiffs to revise their proposed Notice of Pendency as set forth in Section II.3 and submit it to the Court no later than April 14, 2018.

SO ORDERED.

Dated: New York, New York
March 26, 2018

_____
LORETTA A. PRESKA
Senior United States District Judge