UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIANHUA WENG, et al., <br><br> Plaintiffs, <br><br> -against- <br><br> KUNG FU LITTLE STEAMED BUNS RAMEN, INC., et al., <br><br> Defendants. | No. 17-CV-273 (LAP) <br><br> ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is the motion for Rule 11 sanctions filed by Defendants Kung Fu Little Steamed Buns Ramen, Inc., Kung Fu Delicacy, Inc., Kung Fu Kitchen, Inc., and Zhe "Peter" Song (collectively, "Moving Defendants"). (See dkt. nos. 91-92.) That motion sought, inter alia, (1) dismissal of the entire case and (2) Moving Defendants' attorney's fees and costs. (See dkt. no. 92 at 8.) Plaintiffs opposed the motion, (see dkt. no. 98), and Moving Defendants replied, (see dkt. no. 99). After reviewing the papers, the motion is DENIED for two reasons.

    First, the motion is procedurally deficient. Rule 11 provides that "[a] motion for sanctions must be made separately from any other motion," and such a motion "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." FED. R. CIV. P. 11(c)(2). Moving Defendants--

1

who appear to have served Plaintiff's counsel with their motion contemporaneously with their filing it with the Court--suggest that "[g]iven the posture of this case and the sequence of events necessitating the instant motion," the safe harbor period "should be dispensed with."  (Dkt. no. 92 at 4.)  But that is not how Rule 11 works.  If Defendants wanted the Court to truncate the safe harbor period, such a request should have been made <u>before</u> the motion was filed to the public docket, not <u>after</u>.  Because Moving Defendants indisputably did not comply with Rule 11's twenty-one-day safe harbor period, their motion must be denied.  <u>See</u> <u>Castro v. Mitchell</u>, 727 F. Supp. 2d 302, 306 (S.D.N.Y. 2010) (collecting cases).

Second, even considering the merits of the motion, Moving Defendants still would not be entitled to the sanctions they seek.  Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct," F$_{\text{ED}}$. R. C$_{\text{IV}}$. P. 11(c)(4), and dismissal is the "harshest of sanctions" available, <u>Mitchell v. Lyons Prof'l Servs., Inc.</u>, 708 F.3d 463, 467 (2d Cir. 2013).  Because dismissal "has harsh consequences for clients, who may be blameless, it should be used only in extreme situations." <u>Id.</u> (quotation marks omitted).  Specifically, that strong medicine should be employed only if the Court "is sure of the impotence of lesser sanctions," <u>Dodson v. Runyon</u>, 86 F.3d 37, 39 (2d Cir. 1996), "and even then only upon a finding of

willfulness, bad faith, or reasonably serious fault," Mitchell, 708 F.3d at 467 (quotation marks omitted).  No such showing has been made here.  Indeed, Moving Defendants failed even to consider lesser sanctions, let alone explain why they would be ineffective.  And Plaintiff's counsel's actions, though perhaps not best practices, do not rise to the level of bad faith.[1]

For these reasons, Moving Defendants' motion for Rule 11 sanctions [dkt. no. 91] is DENIED.  The Clerk of the Court shall close the open motion.

**SO ORDERED.**

Dated:     March 6, 2021
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge

---

[1] Moving Defendants rely on Plaintiff's counsel's assertions in a September 2020 letter that he had spoken with his clients about settlement, which Moving Defendants maintain cannot be true because one of the plaintiffs, Guangli Zheng, died in 2019. (See dkt. no. 92 at 5-6.)  But Moving Defendants overlook that Plaintiff's counsel's indicating he had conferred with his clients did not necessarily imply that he had spoken with all the plaintiffs.

Moreover, Moving Defendants suggestion that Plaintiff's counsel knew about Guangli Zheng's death in 2019 is speculative and based only on counsel's preparation of a declaration for Mr. Zheng's son, Wen Zhang, in a different case.  (See dkt. no. 92 at 3; see also dkt. no. 92-2.)  But, as Plaintiff's counsel points out, Moving Defendants offer no proof that Wen Zhang ever told Plaintiff's counsel that his father had died in 2019.  (See dkt. no. 98 at 5-6.)