UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIANHUA WENG, et al.,<br><br>                Plaintiffs,<br><br>-against-<br><br>KUNG FU LITTLE STEAMED BUNS RAMEN, INC., et al.,<br><br>                Defendants. | No. 17-CV-273 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court are the parties' letters seeking to amend the Court-approved joint pretrial order ("JPTO").  (See dkt. nos. 101-103.)  The Court assumes the parties' familiarity with the issues raised therein.  Defendants request a modification to permit them "to call two additional and very brief witnesses": Roger Mwalumogo and Chulan Ma.  (Dkt. no. 102 at 1.)  Plaintiffs seek to amend the JPTO to include Guangli Zhang's deposition testimony.  (See dkt. no. 103 at 6.)  Even though these requests to modify the JPTO have been sprung upon the Court in the waning moments of the eleventh hour--despite the parties' having had more than a year to prepare for trial--the Court finds that justice is best served by allowing the proposed amendments.

    The Court may modify the JPTO "only to prevent manifest injustice."  FED. R. CIV. P. 16(e).  "However, Second Circuit case law indicates that a district court has significant discretion in determining how to apply this directive."  Helena Assocs.,

1

LLC v. EFCO Corp., No. 06-CIV-0861 (PKL), 2009 WL 2355811, at *2 (S.D.N.Y. July 29, 2009).  Several factors guide the exercise of that discretion:

> (1) the prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice; (3) the extent of disruption of the orderly and efficient trial of the case; and (4) the bad faith or willfulness of the non-compliant party.

Potthast v. Metro-N. R.R. Co., 400 F.3d 143, 153 (2d Cir. 2005).  "Prejudice to the party seeking amendment or modification of the order is also relevant, as a trial court should not refuse to modify a pre-trial order where manifest injustice will result."  Id.  For both requests, those factors favor modifying the JPTO.

The addition of Mr. Mwalumogo and Ms. Ma to Defendants' witness list will not seriously disrupt the trial.  As Defendants proffer, the combined testimony of these witnesses would amount to no more than thirty minutes, (see dkt. no. 102 at 1), and the limited scope of their testimony should help to curb the need for extensive cross-examination.  Plaintiffs also will have sufficient time to prepare their cross and rebuttal strategies because Mr. Mwalumogo and Ms. Ma will not testify until Defendants put on their case.  Moreover, Mr. Mwalumogo and Ms. Ma's proffered testimony relates to actions supposedly taken by Lianhua Weng and Chengbin Qian, (see dkt. no. 102 at 1-2), who Plaintiffs have already indicated will testify at trial, (see dkt. no. 58 at 7).  Consequently, the Court finds that any

prejudice to Plaintiffs would be minimal, especially compared to any that would accrue to Defendants if Mr. Mwalumogo and Ms. Ma are not permitted to testify at all. Under those circumstances, modifying the JPTO to include Mr. Mwalumogo and Ms. Ma as witnesses is proper.

As for Mr. Zhang's deposition testimony, the Court finds that any prejudice to Defendants is negligible. Mr. Zhang was included on Plaintiffs' witness list in the JPTO, (see dkt. no. 58 at 7), and Defendants were present and questioned him at his deposition, (see dkt. no. 103-8). Given those facts, Defendants were provided ample notice that they would have to face Mr. Zhang's testimony at trial, and Defendants can mitigate any prejudice by reviewing the transcripts from Mr. Zhang's deposition. Likewise, admitting Mr. Zhang's deposition testimony will not disrupt the trial--indeed, admitting deposition testimony is a routine occurrence in federal court--but excluding the testimony would hamstring Plaintiffs from making their case as to Mr. Zhang. Accordingly, modifying the JPTO to include Mr. Zhang's deposition testimony is appropriate.

For the reasons above, the requests to modify the JPTO are GRANTED. The JPTO is hereby amended to reflect that (1) Defendants plan to call witnesses Roger Mwalumogo and Chulan Ma and (2) Plaintiffs intend to introduce Guangli Zhang's deposition testimony. By no later than noon on March 9, 2021,

the parties shall confer and provide the Court--via the chambers inbox at PreskaNYSDChambers@nysd.uscourts.gov--with a list of names and places about which the jurors can expect to hear during trial.  Jury selection will begin, as scheduled, on March 10, 2021 at 10:00 a.m. in the Jury Assembly Room on the first floor of the Daniel Patrick Moynihan United States Courthouse at 500 Pearl Street, New York, NY 10007.  Before jury selection, counsel shall appear before the undersigned at 9:00 a.m. in Courtroom 24A, which will also be used for trial.

**SO ORDERED.**

Dated:     March 8, 2021
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge