**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x

LIANHUA WENG,
HAIHUA ZHAI,
SHIMIN YUAN,
CHENG BIN QIANG, and
GUANGLI ZHANG,

                    Plaintiffs,        Case No. 17-cv-00273 (LAP)

         v.                    **[JOINTLY-PROPOSED]**
                                **JURY CHARGE**

KUNG FU LITTLE STEAMED BUNS RAMEN INC.
        d/b/a Kung Fu Little Steamed Buns Ramen,
KUNG FU DELICACY INC.
        d/b/a Kung Fu Little Steamed Buns Ramen,
KUNG FU KITCHEN INC.
        d/b/a Kung Fu Little Steamed Buns Ramen,
ZHE SONG
        a/k/a Peter Song,
"JOHN" LIU
        a/k/a Andy Liu, and
ZHIMIN CHEN,

                    Defendants.
-------------------------------------------------------------- x

Pursuant to the Court's February 24, 2021 Order (Dkt. No. 86) and Federal Rule of Civil Procedure 51, the parties, by and through undersigned counsel, submit the following Joint Proposed Jury Instructions. To the extent the parties are not in agreement, their modified or additional proposed jury instructions and respective objections are separately set forth. The parties respectfully request leave to submit revised or additional instructions based upon the evidence actually adduced at trial or to conform to any rulings of law the Court may render during the course of these proceedings.

**PROPOSED JURY INSTRUCTION NO. 1 (GENERAL INTRODUCTION)**

Now that you have heard the evidence and the arguments of counsel, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

The parties' attorneys have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

Neither by these instructions, nor by any ruling or remark I have made, do I mean to indicate any opinion as to the facts or as to what your verdict should be. You are the sole judges of the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Authority:** Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 71.01 (4th ed. 1987).

---

Deleted: ¶

JOINT PROPOSED JURY INSTRUCTIONS¶

Formatted: Heading 1, Centered, Indent: Left: 0", First line: 0", Right: 0", Space Before: 0 pt, After: 12 pt, Adjust space between Latin and Asian text, Adjust space between Asian text and numbers

Formatted: Font: (Default) Times New Roman, 12 pt, Font color: Auto

Deleted: ¶

Formatted: Font: 12 pt

Deleted: to give you the instructions of the Court as to the law applicable to this case.

Deleted:

Deleted:

Formatted: Indent: Left: 0", Space Before: 0 pt, After: 12 pt

Deleted: ¶

**PROPOSED JURY INSTRUCTION NO. 2 (PROVINCE OF COURT AND JURY)**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The law of the United States permits judges to comment on the evidence in the case during the trial or in instructing the jury. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiff has proven his case.

If I have said anything or done anything which has suggested to you that I am inclined to favor the claims or position of either party, or that I find a particular witness credible or not, you will not permit yourself to be influenced by any such suggestion. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.

During the course of the trial, I may have asked questions of a witness in order to obtain information or bring out some fact or facts not fully developed by the testimony. You should not take my questions to witnesses as any indication of the Court's opinion as to how you should determine the issues of fact. Remember at all times that you, as jurors, are to disregard comments of the Court in arriving at your own findings as to the facts.

**Authority:** Sand, Leonard B., Modern Federal Jury Instructions, Matthew Bender § 71.03 (1984).

## PROPOSED JURY INSTRUCTION NO. 3 (BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE)

*PLAINTIFFS' VERSION*

Each Plaintiff has the burden of proving all the elements of his claims by a preponderance of the evidence, unless I specifically instruct you otherwise.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents.  In determining whether a claim has been proven by a preponderance of the evidence, you should consider the testimony of all witnesses, regardless of who called them.

If, after considering all of the evidence, you are satisfied that a Plaintiff has carried his burden on each essential element of his claim, then you must find in that Plaintiff's favor.  If, after such consideration, you find that the evidence in favor of a Plaintiff is outweighed by the evidence against that Plaintiff's position, or that the credible evidence on a given issue is equally divided between the parties—that it is as equally probable that one side is right as it is that the other side is right—then you must decide that issue against that Plaintiff.  Because each Plaintiff has the burden of proof, they must do more than simply produce evidence that is equal to the evidence on the other side. In order to satisfy his burden, he must prove each element of his claims by a preponderance of the evidence. On the other hand, the Plaintiffs need prove no more than a preponderance. So, if you find that the scales tip, however slightly, in favor of a Plaintiff—that what he claims is more likely true than not, even by just a little when compared to the Defendant's case—then that element of that Plaintiff's claim will have been proven by a preponderance of the evidence.

In some limited circumstances, as you will hear me describe later, the Defendants bear the

---

**Deleted:** PROPOSED JURY INSTRUCTION NO. 3¶ (BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE)¶

**Formatted:** Indent: Left:  0", Space After:  12 pt

**Formatted:** Font: (Default) Times New Roman

**Deleted:** ¶

**Formatted:** Space After:  0 pt, Line spacing:  Double

**Formatted:** Indent: Left:  0", Space After:  0 pt, Line spacing:  Double

burden of proof.  Where the Defendants bear the burden of proof with respect to any matter, they too must prove that matter by a preponderance of the evidence.

### *DEFENDANTS' VERSION*

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of the Plaintiff's claim by a preponderance of the evidence in the case, you should find for Defendants as to that claim.

To "establish by a preponderance of the evidence" means to prove something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, because proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

This phrase, preponderance of the evidence, is easier to illustrate than it is to define. To explain to you the meaning, I ask you to visualize when you go into the jury room that you have on the jury room table the scales of justice on which two trays are hanging evenly in balance. Label the right hand tray the Plaintiff's tray. Then put onto that tray all of the evidence on a particular claim which you feel favors the Plaintiff, giving to that evidence the weight that you believe it is fairly entitled to receive. Then place on Defendants' tray all of the evidence in the case that favors

Defendants' side of that claim, again giving to that evidence the weight that you believe they are fairly entitled to receive.

Now, if the trays remain in equal balance upon consideration of all of the evidence, or if Defendants' tray goes down, then your verdict on that claim must be for Defendants because, if the evidence weighs the same for both sides, or favors Defendants, the Plaintiff has not sustained his burden of proof by a preponderance of the evidence. Only if the Plaintiff's tray outweighs Defendants' evidence, has the Plaintiff sustained his burden of proof by a preponderance of the evidence.

**Authority:** Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 72.01 (4th ed. 1987), as modified.

| Deleted: ¶ |
| --- |
| **Formatted:** Font: 12 pt |
| **Formatted:** Justified, Space Before:  0 pt, After:  12 pt |
| Deleted: ¶ |
| Deleted: ¶ |
| **Deleted: PROPOSED JURY INSTRUCTION NO. 4** (BLANK) |

---Page Break---

**PROPOSED JURY INSTRUCTION NO. 5 ¶**
**(BLANK)¶**

---Page Break---

**PROPOSED JURY INSTRUCTION NO. 6¶**
**(BLANK)¶**

---Page Break---

| **Formatted:** Justified, Right:  0", Space Before:  0 pt, After: 12 pt |
| --- |

**PROPOSED JURY INSTRUCTION NO. 4 (ALL PERSONS EQUAL BEFORE THE LAW–CORPORATE PARTIES)**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, partnerships, unincorporated associations, governmental entities and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

**Authority:** Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 71.04 (4th ed. 1987), as modified.

Deleted: PROPOSED JURY INSTRUCTION NO. 7 (ALL PERSONS EQUAL BEFORE THE LAW – CORPORATE PARTIES)

Formatted: Indent: Left:  0", Right:  0"

Deleted: ¶

Formatted: Indent: Left:  0", Space Before:  0 pt

Deleted: ·······························Page Break···························

## PROPOSED JURY INSTRUCTION NO. 5 (SYMPATHY)

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

**Authority:** Sand, Leonard B., Modern Federal Jury Instructions, Matthew Bender, § 71.10 (1984).

---

**Deleted:** ¶
**PROPOSED JURY INSTRUCTION NO. 8 (SYMPATHY)**¶
¶

**Formatted:** Indent: Left:  0", Right:  0"

**Deleted:**

**Deleted:**

**Formatted:** Justified, Indent: Left:  0", Space Before:  0 pt, After:  12 pt

**Deleted:** ¶
¶

**Deleted:** ----------------Page Break----------------

### PROPOSED JURY INSTRUCTION NO. 6 (EVIDENCE IN THE CASE)

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, you must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

**Authority:** Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 71.08 (4th ed. 1987).

### PROPOSED JURY INSTRUCTION NO. 7 (INFERENCES DEFINED)

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case.

**Authority:** Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 72.04 (4th ed. 1987), as modified.

---

**Deleted:** ------------------------Page Break------------------------

**PROPOSED JURY INSTRUCTION NO. 10 (INFERENCES DEFINED)**¶

¶

**Formatted:** Justified, Indent: Left:  0", Space Before:  0 pt, After:  12 pt

**Deleted:** ¶

**Deleted:** ------------------------Page Break------------------------

**PROPOSED JURY INSTRUCTION NO. 8 (QUESTIONS NOT IN EVIDENCE)**

If a lawyer asks a witness a question that contained an assertion of fact, you may not consider the assertion as evidence of that fact unless the witness agreed with the statement in whole or in part. The lawyer's statements, standing alone, are not evidence.

**Authority:** Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 71.12 (4th ed. 1987), as modified.

Deleted: ¶
**PROPOSED JURY INSTRUCTION NO. 11 (QUESTIONS NOT IN EVIDENCE)**¶

Formatted: Indent: Left:  0", Right:  0"

Formatted: Justified, Indent: Left:  0", Space Before:  0 pt, After:  12 pt

Deleted: ¶
¶

Deleted: --------------------Page Break--------------------

### PROPOSED JURY INSTRUCTION NO. 9 (OBJECTIONS)

It is the duty of the attorney to object when the other side offers testimony or other evidence the attorney believes is not properly admissible. You should not show prejudice against an attorney or a party because the attorney has made objections.

You should not infer or conclude from any ruling or other comment made by the Court that the Court has any opinion on the merits of the case favoring one side or the other.

When the Court has sustained (in other words, agreed with) an objection to a question addressed to a witness, you must disregard the question entirely, and you should not draw any inference or conclusion from the question itself, or speculate as to what the witness would have said if she or he had been permitted to answer the question.

**Authority:** Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 70.01 (4th ed. 1987), as modified.

**Deleted:** ¶
**PROPOSED JURY INSTRUCTION NO. 12 (OBJECTIONS)**¶

**Formatted:** Indent: Left:  0", Right:  0"

**Deleted:**

**Formatted:** Indent: Left:  0", Right:  0", Space Before:  0 pt

**Formatted:** Indent: Left:  0", Right:  0"

**Formatted:** Justified, Indent: Left:  0", Space Before:  0 pt, After:  12 pt

**Deleted:** ¶
¶

**Deleted:** --------------------Page Break--------------------

**PROPOSED JURY INSTRUCTION NO. 10 (CREDIBILTIY OF WITNESSES)**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, demeanor, or manner while on the stand. Consider the witness's ability to observe the matters to which he or she has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small

number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**<u>Authority</u>:** Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 73.01 (4th ed. 1987).

**PROPOSED JURY INSTRUCTION NO. 11 (IMPEACHMENT)**

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars, and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Authority:** Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 73.04 (4th ed. 1987).

### PROPOSED JURY INSTRUCTION NO. 12 (EFFECT OF PRIOR INCONSISTENT STATEMENT OR CONDUCT)

Evidence that at some other time a witness, not a party to this action, has said or done something which is inconsistent with the witness's testimony at the trial may be considered for the sole purpose of judging the credibility of the witness but may never be considered as evidence of proof of the truth of any such statement.

Where, however, the witness is a party to the case, and by such statement, or other conduct, admits some fact or facts against his interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Authority:** Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 73.09 (4th ed. 1987).

## PROPOSED JURY INSTRUCTION NO. 13 (USE OF DEPOSITIONS AS EVIDENCE)

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. This method is permitted in order to simplify the presentation of the evidence and such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**Authority:** Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 73.02 (4th ed. 1987), as modified.

Deleted: -------------------Page Break-------------------
PROPOSED JURY INSTRUCTION NO. 16 (DEPOSITIONS: USE AS EVIDENCE)

Formatted: Justified, Indent: Left: 0", Space Before: 0 pt, After: 12 pt

Deleted: ¶

Deleted: ¶

Deleted: -------------------Page Break-------------------

**PROPOSED JURY INSTRUCTION NO. 14 (ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED)**

The law does not require a party to call as witnesses all persons who may have been involved in the case or who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned during the case.

Each party has had an equal opportunity or lack of opportunity to call any witness. Therefore, you should not draw any inference or reach any conclusions as to what any uncalled witnesses would have said if the witness had been called. The absence of any witness should not affect your judgment in any way.

**Authority:** Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 73.11 (4th ed. 1987).

---

**Deleted:** ¶
**PROPOSED JURY INSTRUCTION NO. 17**¶
¶
***(ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED)***¶

**Formatted:** Space After:  0 pt

**Formatted:** Indent: Left:  0", Space Before:  0 pt, After:  12 pt

**Deleted:** ¶
¶

**Deleted:** ¶
-------------------Page Break-------------------

## PROPOSED JURY INSTRUCTION NO. 15 (USE OF ELECTRONIC TECHNOLOGY)

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, smartphones, the internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog, or a website, including Facebook, Google+, My Space, LinkedIn, or YouTube. You may not use any similar technology or social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

**Authority**: Proposed Model Jury Instructions: The Use of Electronic Technology to Conduct Research on or Communicate about a Case, prepared by the Judicial Conference Committee on Court Administration and Case Management (June 2012).

**PROPOSED JURY INSTRUCTION NO. 16 (CONSIDER DAMAGES ONLY IF NECESSARY)**

I am about to instruct you as to the proper measure of damages. The fact that I am giving you this instruction should not be considered as an indication of any view of mine as to whether the Plaintiffs are entitled to a verdict against the Defendants with respect to any of their claims. Instructions as to the measure of damages are given only for your guidance, in the event that you should find in favor of the Plaintiffs on the question of liability on one or more of their claims, by a preponderance of evidence and in accordance with the other instructions I have given you. If you decide that the Plaintiff is not entitled to prevail with respect to any of his claims, you need go no further and do not have to address the issue of damages.

**Authority:** 3 Hon. Edward J. Devitt, Federal Jury Practice and Instructions § 74.02 (4th ed. 1987).

**PROPOSED JURY INSTRUCTION NO. 17 (DAMAGES: SPECULATION)**

The Plaintiffs bear the burden of proof not just on their substantive claims, but also with respect to the amount and calculation of any damages that he seeks. In the event that you find in favor of the Plaintiff on one or more of his claims, you may not speculate regarding the amount of any damages that you may award. The amount of your verdict must be based on the evidence presented at trial.

Therefore, you are not to award speculative damages. Speculative damages are those damages that although possible, are remote, conjectural, or the product of guesswork. If the Plaintiff fails to prove by a preponderance of the credible evidence the amount of damages that he claims, you may not simply guess as to the amount of damages.

However, if you find that a Defendant did not keep or maintain accurate employment records, then a Plaintiff can meet his burden as to that Defendant by presenting sufficient evidence to show his dates of employment, hours of employment, and rates of pay as a matter of just and reasonable inference. He may meet this burden by relying on his recollection alone. The law does not require him to recall exact dates, hours, or rates. You should find that he met his burden of proof if you find his testimony is credible and provides a basis for a reasonable approximation of his damages.

If you find that a Plaintiff has met that burden, then the Defendant at issue has the burden to show either that the Plaintiff's approximation is unreasonable. Accordingly, if you find that a Defendant does not have records pertaining to a Plaintiff's employment, it becomes the Defendant's burden to produce evidence to negate the Plaintiff's recollection. If you find the Defendant has met its burden of proving a Plaintiff's approximation is unreasonable, then you may find he worked the period, for the hours, or for the rates of pay that the Defendant claims. If, however, you find

**Deleted:** ¶
**PROPOSED JURY INSTRUCTION NO. 20 (DAMAGES: SPECULATION)**¶

**Deleted:** his

**Formatted:** Indent: Left:  0", Right:  0", Space Before:  0 pt

**Deleted:** s

**Formatted:** Indent: Left:  0", Right:  0"

the Defendant did not meet its burden then you should approximate the period of time, hours, and

rates based on the applicable Plaintiff's testimony alone.

**Authority:** *Oiness v. Walgreen Co.,* 88 F.3d 1025, 1030 (Fed. Cir. 1996); *Dominic v. Consol. Edison Co.*, 822 F.2d 1249, 1257-58 (2d Cir. 1987); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946); *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011).

**Formatted:** Justified, Indent: Left:  0", Space Before:  0 pt, After:  12 pt

**Deleted:** ¶

**Deleted:** -----------------Page Break-----------------

**PROPOSED JURY INSTRUCTION NO. 18 (DUTY TO DELIBERATE)**

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**Authority:** Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions § 74.01 (4th ed. 1987)

Deleted: ¶
**PROPOSED JURY INSTRUCTION NO. 21 (DUTY TO DELIBERATE)**¶
¶

Formatted: Indent: Left:  0", Right:  0"

Deleted: ¶

Formatted: Justified, Indent: First line:  0.5", Line spacing: Double

Deleted: ¶

Deleted: ¶

Formatted: Indent: Left:  0", Space Before:  0 pt, After:  12 pt

Deleted: ¶

Deleted: ·····················Page Break····················

**PROPOSED JURY INSTRUCTION NO. 19 (VERDICT)**

Your verdict must represent the considered judgment of every juror. In order to return a

verdict, it is necessary that each juror agree. Your verdict must be unanimous.

**Authority:** Fed. R. Civ. P. 48

**Deleted:** ¶
**PROPOSED JURY INSTRUCTION NO. 22 (VERDICT)**¶
¶

**Formatted:** Indent: Left:  0"

**Deleted:** ¶

**Formatted:** Indent: Left:  0", Space After:  12 pt

**PROPOSED JURY INSTRUCTION NO. 20 (STATUTE INVOLVED: FAIR LABOR STANDARDS ACT)**

I will now instruct you on the law that is applicable to the claims and defenses in this case. You are to apply the law as I describe it to you and only as I describe it to you.

The Plaintiff has brought claims under the Fair Labor Standards Act, also referred to as the FLSA for ease of reference. The FLSA is a federal law that provides for the payment of the federal minimum wage for each hour worked and the payment of overtime compensation for all hours worked in excess of 40 in one workweek. In this case, the Plaintiffs claim the Defendants did not pay them the minimum wage and overtime pay required by the FLSA.

**Authority:** 29 U.S.C. §§ 206, 207, 255(a).

**Deleted:** --------------------Page Break--------------------
¶
**PROPOSED JURY INSTRUCTION 23 (FLSA: STATUTE INVOLVED)**¶
¶

**Deleted:** s

**Deleted:** him

**Formatted:** Indent: Left:  0", Space After:  12 pt

**Deleted:** 255(a),

**PROPOSED JURY INSTRUCTION NO. 21 (STATUTE INVOLVED: NEW YORK LABOR LAW)**

The Plaintiff has brought claims under New York law, specifically the New York Labor Law and New York Codes, Rules and Regulations, which I will simply refer to as the NYLL for ease of reference. The NYLL is a state law that provides for the payment of the New York minimum wage for each hour worked and the payment of overtime compensation for all hours worked in excess of 40 in one workweek. The NYLL further provides for "spread of hours" payments. A spread of hour payment is one additional hour at the New York minimum wage if the time between the beginning and end of an employee's workday (*i.e.*, the spread) exceeds 10 hours. Beginning in April 2011, the NYLL allowed employees to recover penalties if their employer did not provide written wage notices at their times of hire wage statements with their regular wage payments.

**Authority:** N.Y. Lab. L. §§ 195(1), 195(3), 198(1-b), 198(1-d), 198(3), 652(1); 12 N.Y.C.R.R. §§ 146-1.2, 146-1.3, 146-1.4, 146-1.6, 146-2.2, 146-2.3, 146-2.5, 146-2.6, 146-2.9

**PROPOSED JURY INSTRUCTION NO. 22 (EMPLOYER STATUS OF INDIVIDUAL DEFENDANTS UNDER FLSA AND NYLL)**

The Plaintiffs seek to hold Kung Fu Little Steamed Buns Ramen Inc., Kung Fu Delicacy Inc., and Kung Fu Kitchen Inc. (which I will call the "Kung Fu Defendants"), as well as Zhe Song, Andy Liu, and Zhimin Chen (whom I will call the "Individual Defendants") liable under the FLSA and NYLL. The Plaintiffs bear the burden of proving, by a preponderance of the evidence, that each Defendant is an "employer" under the FLSA and NYLL.

To be liable under the FLSA, an individual defendant must be an "employer," which the statute defines as "any person acting directly or indirectly in the interest of an employer in relation to an employee." It is possible that a worker can have more than one employer at the same job. In a defendant is deemed to be a plaintiff's employer, then that defendant is liable for any violations of the federal or state labor laws at issue here.

To be liable under the NYLL, an individual defendant must be an "employer," which the statute defines as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service" other than a governmental agency. It is possible that a worker can have more than one employer at the same job. In a defendant is deemed to be a plaintiff's employer, then that defendant is liable for any violations of the federal or state labor laws at issue here.

The underlying inquiry in determining employer status is whether the individual possessed operational control over employees, that is, control over a company's actual operations in a manner that relates to a plaintiff's employment. Evidence that an individual is an owner or officer of a company or otherwise makes corporate decisions, standing alone, is insufficient to demonstrate employer status. Instead, a person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the

---

Deleted: PROPOSED JURY INSTRUCTION 25¶
(FLSA: EMPLOYER STATUS OF INDIVIDUAL DEFENDANTS)¶
¶
In addition to

Formatted: Indent: Left:  0"

Deleted: the Kung Fu Defendants

Deleted: the Plaintiff seeks to hold

Deleted: the Individual Defendants

Deleted: s

Deleted: Individual

Deleted: ¶

Deleted: An individual

Deleted: ,

Formatted: Indent: Left:  0", Right:  0", Space Before:  0 pt

Deleted: To meet this definition, the individual must have exercised operational control over the employee so as to directly affect the nature or conditions of his or her employment.

employees' employment. In determining whether the Individual Defendants are "employers" for purposes of the FLSA, you must consider the totality of the circumstances. The following factors are often relevant to this inquiry:

1. Power to hire and fire employees;

2. Supervision and control of employees' work schedules and conditions of employment;

3. Determination of employees' rates and methods of pay; and

4. Maintenance of employees' employment records.

No one factor is controlling and these factors do not define the limit of your inquiry. You must consider the totality of the circumstances. You may consider evidence indicating an individual's direct control over the plaintiffs. You may also consider evidence showing an individual's authority over management, supervision, and oversight of a company's affairs in general. But when balanced, the Plaintiffs must have established that each of the Individual Defendants had the requisite control over the Plaintiff's employment. The law does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employee. Control may be restricted or exercised only occasionally without removing the employment relationship from the protections of the FLSA, because such limitations on control do not diminish the significance of its existence.

If you find that the Plaintiff has met this burden with respect to an Individual Defendant, you must find that the Individual Defendant is an "employer" for purposes of the FLSA. If you find that the Plaintiff has not met this burden with respect to an Individual Defendant, you must find that the Individual Defendant is not an employer for purposes of the FLSA and therefore is not liable for any violations of the FLSA.

**Authority:** N.Y. Lab. Law § 190(3); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 134 (S.D.N.Y. 2014); *Mercado Mendoza v. Little Luke, Inc.*, 2015 U.S. Dist. LEXIS 27777, at 16 n.6 (E.D.N.Y. Mar. 5, 2015); *Lauria v. Heffernan*, 607 F. Supp. 2d 403, 407-08 (E.D.N.Y. 2009); *see generally Irizarry v. Catsimatidis*, 722 F.3d 99, 105, 109-10 (2d Cir. 2013); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 678 (1st Cir. 1998); *Tapia v. BLCH 3rd Ave. LLC*, 906 F.3d 58, 61 (2d Cir. 2018); *Irizarry v. Catsimatidis*, 722 F.3d 99, 105, 109-10 (2d Cir. 2013); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 678 (1st Cir. 1998); *Campos v. Lemay*, 2007 U.S. Dist. LEXIS 33877, at *8 (S.D.N.Y. May 7, 2007).

**PROPOSED JURY INSTRUCTION NO. 24 (ELEMENTS OF MINIMUM WAGE CLAIM UNDER FLSA AND NYLL)**

In order for a Plaintiff to establish his claim that the Defendants failed to pay him the minimum wage in violation of the FLSA, he must prove the following by a preponderance of the evidence:

1. The Plaintiff was an employee of the Defendants during the limitations period of the statute. For the FLSA, this is the two-year period before he brought his claims or, if you find the Defendants willfully violated the FLSA with respect to the Plaintiff, the three-year period before he brought his claims. For the NYLL this is the six-year period before he brought his claims; and

2. The Defendants failed to pay the Plaintiff the required federal minimum wage for all hours worked by the Plaintiff during one or more workweeks during this period, whichever applies.

If you find that the Plaintiff has proven both elements by a preponderance of the evidence, you must find in his favor and against the Defendants on the FLSA and NYLL minimum wage claim. On the other hand, if you find that the Plaintiff has failed to prove either or both of these elements by a preponderance of the evidence, you must find against the Plaintiff on his minimum wage claim and in favor of the Defendants.

**Authority:** 29 U.S.C. §§ 203, 206(a), 255(a); N.Y. Lab. Law §§ 198(3), 652(1).

**PROPOSED JURY INSTRUCTION NO. 26 (DEFINITION OF WORKWEEK UNDER FLSA AND NYLL)**

"Workweek" means a regularly recurring period of seven days or 168 hours, as designated by the employer. In this case, the parties have agreed that the workweek was from Monday at 12:00 a.m. to the following Sunday at 11:59 p.m.

**Authority:** 29 C.F.R. § 776.4 (and cases cited at n. 130); 12 N.Y.C.R.R. § 146-3.11.

---

**Deleted:** PROPOSED JURY INSTRUCTION NO. 25 (ELEMENTS OF MINIMUM WAGE CLAIM UNDER NYLL)¶

----------------------Page Break----------------------

**PROPOSED JURY INSTRUCTION 28¶ (NYLL: ELEMENTS OF CLAIM FOR MINIMUM WAGE)¶**

DEFENDANTS' VERSION¶

In order for the a Plaintiff to establish his claim that the Defendants failed to pay him the minimum wage in violation of the NYLL, he must prove the following by a preponderance of the evidence:¶
The Plaintiff was an employee of the Defendants during the six-year period before he brought his claims; and¶

The Defendants failed to pay the Plaintiff the required New York minimum wage for all hours worked by the Plaintiff during one or more workweeks during this six-year period.¶
¶

If you find that the Plaintiff has proven both elements by a preponderance of the evidence, you must find in his favor and against the Defendants on the NYLL minimum wage claim. On the other hand, if you find that the Plaintiff has failed to prove either or both of these elements by a preponderance of the evidence, you must find against the Plaintiff on his minimum wage claim and in favor of the Defendants.¶

**Deleted:** ¶

**Deleted:** **Authority:** N.Y. Lab. Law §§ 198(3), 652(1).¶ ... [4]

**Deleted:** ¶
----------------------Page Break----------------------

**PROPOSED JURY INSTRUCTION 29 (FLSA: DEFINITION OF WORKWEEK)¶**
¶

**Formatted:** Indent: Left:  0", Right:  0"

**Deleted:** ¶

**Formatted:** Indent: Left:  0", Line spacing:  Double

**Deleted:** ¶
----------------------Page Break----------------------

### PROPOSED JURY INSTRUCTION NO. 28 (DEFINITION OF HOURS WORKED UNDER FLSA AND NYLL)

"Hours worked" means all time spent by an employee primarily for the benefit of the employer or the employer's business. Such time constitutes hours worked if the employer knew or should have known that the work was being performed. Periods during which an employee is completely relieved of duty that are long enough to enable the employee to use the time effectively for his or her own purposes, are not "hours worked" (*e.g.*, a meal period of at least 30 minutes during which employee is completely relieved from duties, even if the employee is not permitted to leave the employer's premises, is not "hours worked" while a meal period of less than 30 minutes during which an employee is not completely relieved from duties is "hours worked").

**Authority:** *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 499 (S.D.N.Y. 2017); *Hart v. Rick's Cabaret Intern., Inc.*, 60 F. Supp. 3d 447, 475 n.15 (S.D.N.Y. 2014); *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 & n.5 (2d Cir. 2003); 29 U.S.C. §§ 203(g), 254; 29 C.F.R. pts. 553 & 785; *Anderson v. Mt. Clements Pottery Co.*, 328 U.S. 680, 598 (1946); *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944); *see also IBP, Inc. v. Alvarez*, 546 U.S. 21, 25 (2005) (citing *Anderson* and *Wantock* with approval); Matthew Bender, Modern Federal Jury Instructions – Civil, Chapter 85 Fair Labor Standards Act § 85.14 (2015).

---

**Deleted:** PROPOSED JURY INSTRUCTION NO. 27 (DEFINITION OF WORKWEEK UNDER NYLL)¶

PROPOSED JURY INSTRUCTION 30 (NYLL: DEFINITION OF WORKWEEK)¶

¶

"Workweek" means a regularly recurring period of seven days or 168 hours, as designated by the employer. In this case, the parties have agreed that the workweek was from Monday at 12:00 a.m. to the following Sunday at 11:59 p.m.¶

**Authority:** 12 N.Y.C.R.R. § 146-3.11.¶

¶

--------------------------Page Break--------------------------

--------------------------Section Break (Next Page)--------------------------

**Deleted:** ¶

PROPOSED JURY INSTRUCTION 31 (FLSA: DEFINITION OF HOURS WORKED)¶

**Deleted:** ¶

**Formatted:** Indent: Left:  0", Right:  0", Space Before:  0 pt, Line spacing:  single

**Deleted:** ¶

**Deleted:** --------------------------Page Break--------------------------

## PROPOSED JURY INSTRUCTION NO. 30 (FLSA AND NYLL: CONTINUOUS WORKDAY RULE)

In determining the compensable hours worked, you are to apply something known as the "continuous workday" rule. Under this rule, periods of time between the commencement of the employee's first "principal activity" and the completion of his last "principal activity" on any workday must be included in the computation of hours if they constitute physical or mental acts, whether burdensome or not, controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer.

**Authority:** 29 C.F.R. § 790.6(a); *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944); *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944); *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 & n.5 (2d Cir. 2003).

---

**Deleted: PROPOSED JURY INSTRUCTION NO. 29 (DEFINITION OF HOURS WORKED UNDER NYLL)¶**

**PROPOSED JURY INSTRUCTION 32 (NYLL: DEFINITION OF HOURS WORKED)¶**

¶
"Hours worked" means all time spent by an employee primarily for the benefit of the employer or the employer's business. Such time constitutes hours worked if the employer knew or should have known that the work was being performed. Periods during which an employee is completely relieved of duty that are long enough to enable the employee to use the time effectively for his or her own purposes, are not "hours worked" (*e.g.*, a meal period of at least 30 minutes during which employee is completely relieved from duties, even if the employee is not permitted to leave the employer's premises, is not "hours worked" while a meal period of less than 30 minutes during which an employee is not completely relieved from duties is "hours worked").¶

**Authority:** *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 499 (S.D.N.Y. 2017); *Hart v. Rick's Cabaret Intern., Inc.*, 60 F. Supp. 3d 447, 475 n.15 (S.D.N.Y. 2014); *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 & n.5 (2d Cir. 2003); *see* ¶

*generally* 29 U.S.C. §§ 203(g), 254; 29 C.F.R. pts. 553 & 785; *Anderson v. Mt. Clements Pottery Co.*, 328 U.S. 680, 598 (1946); *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944); *see also IBP, Inc. v. Alvarez*, 546 U.S. 21, 25 (2005) (citing *Anderson* and *Wantock* with approval); Matthew Bender, Modern Federal Jury Instructions – Civil, Chapter 85 Fair Labor Standards Act § 85.14 (2015).¶                    ... [5]

**Deleted:** -------------------Page Break------------------¶

**PROPOSED JURY INSTRUCTION 33¶**
**(FLSA AND NYLL: CONTINUOUS WORKDAY DEFINED)¶**
¶
***PLAINTIFFS' VERSION:*** ¶
You must decide how many hours each Plaintiff worked each day, how many days that Plaintiff worked each week, and the number of hours that Plaintiff worked each week. The number of hours an employee works in a day is determined under what is called the "continuous workday" rule. Under that rule, the workday begins when the employee begins to engage in work and continues until the completion of his work. It includes all of the time within that period whether or not the employee is engaged in work throughout the entire period.¶
There is, however, an exception to this rule for meal periods and for periods longer than thirty minutes if the employee is completely relieved from duty. I will refer to those periods as non-compensable breaks because those periods are not compensable work time. It is the Defendants' burden to ... [6]

**Deleted:** ¶
¶

**Formatted:** Indent: Left:  0", Right:  0", Space Before:  0 pt, After:  12 pt, Line spacing:  single

**Deleted:** -------------------Page Break------------------

**PROPOSED JURY INSTRUCTION NO. 31 (FLSA AND NYLL: INTEGRAL AND INDISPENSABLE ACTIVITIES DEFINED)**

The term "principal activity" includes all activities which are an integral part of a principal activity (*i.e.*, closely related activities that are indispensable to performance of the principal activity). Preliminary or postliminary activities, on the other hand, are not part of the continuous workday. Such preliminary or postliminary activities may include traveling to and from work, changing in and out of work clothes, or waiting in line to collect a paycheck.

**Authority:** 29 C.F.R. §§ 790.8(c), 790.8(g); *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 & n.5 (2d Cir. 2003).

### PROPOSED JURY INSTRUCTION NO. 32 (FLSA AND NYLL: MEAL PERIODS DEFINED)

*Bona fide* meal periods are not compensable work time. A *bona fide* meal period ordinarily must last at least 30 minutes. In contrast, short periods away from work, commonly known as break periods or coffee breaks, are generally compensable work time.

To qualify as a *bona fide* meal period, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during meal periods the employee's time and attention are primarily occupied by private or personal pursuits, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably spending the mealtime, then the employee has not been relieved from duty.  Whether the time was spent predominantly for the employer's or employee's benefit depends on all the facts and circumstances of each case. The burden is on Defendants to establish by a preponderance of the evidence that during the meal periods, the Plaintiff was not engaged in activities primarily for the benefit of Defendants.

An employee is not denied a *bona fide* meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a *bona fide* meal period by being on-call with some limited duties, if the employee otherwise spends his time and attention predominantly in pursuit of personal or private interests.

**Authority**: Matthew Bender, Modern Federal Jury Instructions-Civil, Chapter 85, Fair Labor Standards Act § 85.14 (2015); *Reich v. Southern New Eng. Telcomms. Corp.*, 121 F.3d 58, 63-65 (2d Cir. 1997).

**PROPOSED JURY INSTRUCTION NO. 33 (FLSA: *DE MINIMIS* TIME EXCLUDED)**

An employee is not entitled to compensation for time that is "*de minimis*" in nature. The *de minimis* doctrine permits employers to disregard compensable work when it is only a few seconds or minutes of work beyond the scheduled working hours. It is only when an employee is required to give up a substantial amount of his time and effort that such time is compensable. In determining whether time is *de minimis*, consideration must be given to the practical administrative difficulty of recording such time, the amount of time in the aggregate, and whether the employee performed such work on a regular basis.

**Authority:** 29 C.F.R. § 785.47; *Holzapfel v. Town of Newburgh*, 145 F.3d 516, 524 (2d Cir. 1998).

Deleted: **PROPOSED JURY INSTRUCTION 36 (FLSA: *DE MINIMIS* TIME EXCLUDED)**¶

Formatted: Indent: Left:  0", Right:  0"

Formatted: Indent: Left:  0", Space Before:  0 pt

Deleted: ¶
¶

Deleted: ------------------------Page Break------------------------

## PROPOSED JURY INSTRUCTION NO. 34 (FLSA: DETERMINING HOURS WORKED)

The Plaintiff bears the initial burden of proving the amount of work performed but not properly compensated. The Plaintiff may satisfy this burden by just and reasonable inference. Once the Plaintiff has produced such evidence, the burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the Plaintiff's evidence.

The Defendants are legally required to keep accurate records of their employees' hours worked. If you find that the Defendants failed to maintain records of the Plaintiff's hours worked or that the records kept are inaccurate or inadequate, you must accept the Plaintiff's estimate of hours worked, unless you find it to be unreasonable.

**Authority:** 29 U.S.C. §§ 203, 254; *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-80 (1946); *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011).

### PROPOSED JURY INSTRUCTION NO. 35 (NYLL: DETERMINING HOURS WORKED)

The Plaintiff bears the initial burden of proving the amount of work performed but not properly compensated. The Plaintiff may satisfy this burden by just and reasonable inference. Once the Plaintiff has produced such evidence, the burden shifts to the employer. The employer's burden under the NYLL is more stringent than the burden under the FLSA. The NYLL provides that where an employer fails to keep adequate records or provide statements of wages to employees as required by statute, the employer shall bear the burden of proving that the complaining employee was paid wages, benefits, and wage supplements.

[DEFENSE LANGUAGE]

Where a plaintiff alleges minimum wage and overtime pay violations and the employer does not have complete records, the plaintiff bears the burden to prove that he in fact performed work for which he was improperly compensated, and to produce sufficient, credible evidence showing the amount and extent of the uncompensated work as a matter of just and reasonable inference. The "regular rate" of pay is an element of minimum wage and overtime pay claims under the FLSA and NYLL, and therefore must be established by—at least—a just and reasonable inference.

If and when an employee has offered sufficiently credible evidence to permit a "just and reasonable inference" of hours worked and wages earned, "the burden shifts to the employer 'to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to

be drawn from the employee's evidence.'"

The Defendants are legally required to keep accurate records of their employees' hours worked. If you find that the Defendants failed to maintain records of the Plaintiff's hours worked or that the records kept are inaccurate or inadequate, you must accept the Plaintiff's estimate of hours worked, unless you find it to be unreasonable.

**Authority:** N.Y. Lab. Law §§ 195, 196-a; *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 498 (S.D.N.Y. 2017); *Canelas v. World Pizza, Inc.*, No. 14-cv-07748 (ER), 2017 WL1233998, at *9 (S.D.N.Y. Mar. 13, 2017).

In support of defense language: *Gamero v. Koodo Sushi Corp.*, 752 Fed. Appx. 33 (2d Cir. 2018); *Hernandez v. JRPAC Inc.*, 2016 U.S. Dist. Lexis 75430 (S.D.N.Y. 2016) (PAE); Anderson v. Mt.Clemens Pottery Co., 328 U.S. 680, 687 (1946); Hosking v. New World Mortg.,Inc., 570 F. App'x 28, 32 (2d Cir. 2014);

Olibas v. Native Oilfield Servs., LLC, 104 F. Suppe. 3d 791, 801 (N.D. Tex. 2015) ("As mentioned, Plaintiffs bear the initial burden in these circumstances to prove their regular rate 'as a matter of just and reasonable inference.), affd sub nom. Olibas v. Barclay, 838 F.3d 442 (5th Cir. 2016).

Reich v. S. New England Telecomm. Corp., 121 F.3d 58, 69 (2d Cir. 1997) (citing Anderson, 328 U.S. at 687-88 (1946).  Daniels v. 1710 Realty LLC, 497 F. App'x 137, 139 (2d Cir. 2012) (recognizing that when a plaintifs' s testimony is too vague to be credible, it fails to meet burden);

Grochowski v. Phoenix Constr., 318 F.3d 80, 88-89 (2d Cir. 2003) (holding that testimony about hours a plaintiff usually worked is speculative and insufficient to draw a just and reasonable inference regarding whether the plaintiff was fully compensated); Holaway v. Stratasys, Inc., 771 F.3d 1057, 1060 (8th Cir. 2014) (holding plaintiff failed to meet burden because his vague testimony was not specific enough to credibly support his estimates of hours worked).

### PROPOSED JURY INSTRUCTION NO. 36 (FLSA: MINIMUM WAGE RATES)

Throughout the period relevant to this lawsuit, the federal minimum wage rate was $7.25 per hour.

**Authority:** 29 U.S.C. § 206(a)(1).

---

**Deleted:** ¶

--------------------------------Page Break--------------------------------

¶

**PROPOSED JURY INSTRUCTION 39 (FLSA: FEDERAL MINIMUM WAGE RATES)**¶

¶

*PLAINTIFFS' VERSION*¶

In their Minimum Wage claims, the Plaintiffs claim that they were not paid the minimum wage for each hour of work required under the FLSA and the New York Labor Law. To sustain their burden of proof with respect to these claims, the Plaintiffs must prove by a preponderance of the evidence that the Defendant at issue paid the Plaintiff under consideration less than the required minimum wage for hours that they worked.¶

The applicable minimum wage rates under the FLSA and the New York Labor Law for the time are not the same. However, as the applicable minimum wage under the New York Labor Law is higher than the federal minimum wage, and the Plaintiffs cannot recover twice for the same minimum wage violations under both federal and state law, you will be applying the applicable minimum wage rate under the New York Labor Law.¶

Under the New York Labor Law, the applicable minimum wage varies from year to year, and further depends on the size of the corporate Defendant, as follows:¶

In 2011 through December 30, 2013, the applicable minimum wage was $7.25 per hour; ¶

From December 31, 2013 through December 30, 2014, the applicable minimum wage was $8.00 per hour; ¶

From December 31, 2014 through December 30, 2015, the applicable minimum wage was $8.75 per hour; ¶

From December 31, 2015 through December 30, 2016, the applicable minimum wage was $9.00 per hour; ¶

From December 31, 2016 through December 30, 2017, the applicable minimum wage was $11.00 per hour for so-called "large employers," employers with more than ten employees, and $10.50 per hour for so-called "small employers," employers with ten or fewer employees;¶

If you find that the corporate Defendant under consideration, at any point from December 31, 2016 through the latest end of a Plaintiff's employment, had eleven of more employees across all of that Defendant's worksites, then that Defendant is a "Large Employer" and you are to use the applicable minimum wages. However, if at all times from December 31, 2016 through today, the corporate Defendant had ten or fewer employees, then that Defendant is a "Small Employer" and you are to use the applicable minimum wage. You will be asked whether the corporate Defendant was a Large … [7]

**Formatted:** Justified, Indent: First line:  0.5", Space Before: 0 pt, Line spacing:  Double

**Deleted:** e federal minimum wage rates are as follows:¶

September 21, 2006 – July 23, 2007: $5.15 per hour¶
¶
July 24, 2007 – July 23, 2008: $5.85 per hour¶
¶
July 24, 2008 – July 23, 2009: $6.55 per hour¶
¶
July 24, 2009 – Present: $7.25 per hour¶

**Formatted:** Font: 12 pt

**PROPOSED JURY INSTRUCTION NO. 37 (NYLL: MINIMUM WAGE RATES)**

In 2011 through December 30, 2013, the applicable New York minimum wage was $7.25 per hour;

From December 31, 2013 through December 30, 2014, the New York applicable minimum wage was $8.00 per hour;

From December 31, 2014 through December 30, 2015, the New York applicable minimum wage was $8.75 per hour;

From December 31, 2015 through December 30, 2016, the New York applicable minimum wage was $9.00 per hour;

From December 31, 2016 through December 30, 2017, the applicable New York minimum wage was $11.00 per hour for so-called "large employers," employers with more than ten employees, and $10.50 per hour for so-called "small employers," employers with ten or fewer employees;

**Authority:** N.Y. Lab. Law § 652(1).

Deleted: ¶

-----------------Page Break-----------------

Formatted: Normal, Left, Space After:  0 pt

Deleted: **PROPOSED JURY INSTRUCTION 40 (NYLL: NEW YORK MINIMUM WAGE RATES)** *PLAINTIFFS' VERSION*¶

Formatted: Normal, Indent: First line:  0.5",  No bullets or numbering

Formatted: Font:

Formatted: Font:

Formatted: Font: (Default) +Body (Calibri)

Formatted: Font:

Formatted: Font:

Formatted: Font: (Default) +Body (Calibri)

Formatted: Font:

Formatted: Font:

Formatted: Font: (Default) +Body (Calibri)

Formatted: Font:

Formatted: Font:

Formatted: Font: (Default) +Body (Calibri)

Formatted: Font:

Formatted: Font:

Formatted: Font: (Default) +Body (Calibri)

Deleted: The New York minimum wage rates are as follows:¶

July 24, 2009 – December 30, 2013: $7.25 per hour¶

¶

December 31, 2013 – December 30, 2014: $8.00 per hour¶

December 31, 2014 – December 30, 2015: $8.75 per hour¶

¶

December 31, 2015 – December 30, 2016: $9.00 per hour¶

From December 31, 2016 through December 30, 2017, the applicable minimum wage was $11.00 per hour for so-called "large employers," employers with more than ten employees, and $10.50 per hour for so-called "small employers," employers with ten or fewer employees;¶

If you find that the corporate Defendant under consideration, at any point from December 31, 2016 through the latest end of a Plaintiff's employment, had eleven of more employees across all of that Defendant's worksites, then that Defendant is a "Large Employer" and you are to use the applicable minimum wages. However, if at all times from December 31, 2016 through today, the corporate Defendant had ten or fewer employees, then that Defendant is a "Small Employer...

Formatted: Indent: Left:  0", Space Before:  0 pt

Deleted: ¶

Deleted: ¶ ... [9]

Formatted ... [10]

## PROPOSED JURY INSTRUCTION NO. 37 (FLSA AND NYLL: ELEMENTS OF CLAIM FOR OVERTIME PAY)

In order for a Plaintiff to establish his claim that the Defendants failed to pay him overtime pay in violation of the FLSA and NYLL, he must prove the following by a preponderance of the evidence (as defined by my prior instruction, which you must follow):

1.  The Plaintiff was an employee of the Defendants during the limitations period of the statute. For the FLSA, this is the two-year period before he brought his claims or, if you find the Defendants willfully violated the FLSA with respect to the Plaintiff, the three-year period before he brought his claims. For the NYLL this is the six-year period before he brought his claims; and

2.  The Defendants failed to pay the Plaintiff the required overtime pay for all hours the Plaintiff worked for the Defendants in excess of 40 in one or more workweeks during this two or three-year period, whichever applies.

If you find that the Plaintiff has proven both elements by a preponderance of the evidence, you must find in his favor and against the Defendants on his FLSA and NYLL overtimes claim. On the other hand, if you find that the Plaintiff has failed to prove either or both of these elements by a preponderance of the evidence, you must find against the Plaintiff on his overtime pay claim and in favor of the Defendants.

**Authority:** 29 U.S.C. §§ 203, 207(a), 255(a); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 291-92 (S.D.N.Y. 2011); U.S. Dep't of Labor, Wage and Hour Division, Fact Sheet No. 23: Overtime Pay Requirements of the FLSA (July 2008); N.Y. Lab. Law § 198(3); 12 N.Y.C.R.R. § 137-1.3.

**PROPOSED JURY INSTRUCTION NO. 39 (FLSA: THE REGULAR RATE)**

If a Plaintiff received an hourly rate of pay, this hourly rate is his regular rate.

If the Plaintiff received a semimonthly salary (*i.e.*, twice per month), the regular rate is determined by multiplying the salary times 24 to get the annual equivalent, then dividing that figure by 52 to get the workweek equivalent.

If the Plaintiff received a monthly salary (*i.e.*, once per month), the regular rate is determined by multiplying the salary times 12 to get the annual equivalent, then dividing that figure by 52 to get the workweek equivalent.

There is a rebuttable presumption under the FLSA that a weekly salary covers 40 hours of work, unless the parties have an alternate agreement. The employer can rebut the presumption by showing an employer-employee agreement that the salary covers a different number of hours. Absent evidence that the employer and employee understood that a weekly salary included hours beyond 40, you must find that a weekly salary covers only the first 40 hours.

If you find that the employer has not rebutted the presumption, then in order to find a Plaintiff's regular rate you must divide his weekly salary by 40 hours.

If you find that the employer has rebutted the presumption, then in order to find a Plaintiff's regular rate you must divide his weekly salary by the number of hours he worked.

**Authority:** 29 U.S.C. § 207(e); 29 C.F.R. §§ 778.107-778.122, 778.200-778.224; *Walling v. Youngerman-Reynolds Hardwood Corp.*, 325 U.S. 419, 424 (1945) (citations omitted); *Alfonso v. New Day Top Trading, Inc.*, No. 18-cv-04745 (PAE) (DF), 2020 U.S. Dist. LEXIS 116047, at *27 (S.D.N.Y. June 29, 2020) (collecting cases).

Deleted: PROPOSED JURY INSTRUCTION NO. 38 (NYLL: ELEMENTS OF CLAIM FOR OVERTIME PAY)¶

PROPOSED JURY INSTRUCTION 44¶ (NYLL: ELEMENTS OF CLAIM FOR OVERTIME PAY)¶

In order for the a Plaintiff to establish his claim that the Defendants failed to pay him overtime pay in violation of the NYLL, he must prove the following by a preponderance of the evidence (as defined by my prior instruction, which you must follow):¶
The Plaintiff was an employee of the Defendants during the six-year period before he brought his claims; and¶

The Defendants failed to pay the Plaintiff the required overtime pay for all hours the Plaintiff worked for the Defendants in excess of 40 in one or more workweeks during this six-year period.¶

¶
If you find that the Plaintiff has proven both elements by a preponderance of the evidence, you must find in his favor and against the Defendants on his NYLL overtime claim. On the other hand, if you find that the Plaintiff has failed to prove either or both of these elements by a preponderance of the evidence, you must find against the Plaintiff on his overtime pay claim and in favor of the Defendants.¶
Authority: N.Y. Lab. Law § 198(3); 12 N.Y.C.R.R. § 137-1.3; *Copantilla v. Fiskardo* ¶

*Estiatorio, Inc.*, 788 F. Supp. 2d 253, 291-92 (S.D.N.Y. 2011).¶
--------------Page Break--------------·[†††]

Deleted: PROPOSED JURY INSTRUCTION 45 (FLSA: THE REGULAR RATE)¶

Deleted: the

Formatted: Justified, Indent: Left: 0", First line: 0.5", Line spacing: Double

Deleted: ¶

Formatted: Indent: Left: 0", Right: 0"

Deleted: The result is divided by the hours actually worked in the workweek to determine the regular rate.

Formatted: Right: 0"

Deleted: The result is divided by the hours actually worked in the workweek to determine the regular rate.

Formatted: Indent: Left: 0", Right: 0"

Formatted: Indent: Left: 0", Space Before: 0 pt

Deleted: ¶

Deleted: .

Deleted: ¶
--------------Page Break--------------

Formatted: Space Before: 0 pt

**PROPOSED JURY INSTRUCTION NO. 40 (NYLL: THE REGULAR RATE)**

If the Plaintiff received an hourly rate of pay, this hourly rate is his regular rate.

If the Plaintiff received a semimonthly salary (*i.e.*, twice per month), the regular rate is determined by multiplying the salary times 24 to get the annual equivalent, then dividing that figure by 52 to get the workweek equivalent. The result is divided by the lesser of 40 hours or the total number of hours actually worked in that workweek to determine the regular rate.

If the Plaintiff received a monthly salary (*i.e.*, once per month), the regular rate is determined by multiplying the salary times 12 to get the annual equivalent, then dividing that figure by 52 to get the workweek equivalent. The result is divided by the lesser of 40 hours or the total number of hours actually worked in that workweek to determine the regular rate.

**Authority:** 12 N.Y.C.R.R. § 146-3.5; *Galicia v. 63-68 Diner Corp.*, 2015 U.S. Dist. LEXIS 40599, at *15 n.8 (E.D.N.Y. Mar. 30, 2015).

### PROPOSED JURY INSTRUCTION NO. 41 (FLSA: DETERMINING OVERTIME OWED)

If the Plaintiff is paid an hourly rate, the overtime pay owed is one and one-half (1.5) times the greater of the employee's regular rate of pay, or the federal minimum wage, for all hours worked in excess of 40 in a work week. If a tip credit is properly taken, overtime pay is one and one-half (1.5) times the greater of the regular rate, or the federal minimum wage, minus the allowed tip credit, times the number of hours worked in excess of 40 hours in each workweek.

If the Plaintiff is paid a salary rate, and you find that the employer has not rebutted the presumption that a salary covers 40 hours per week, the hours in excess of 40 are compensated at a rate of one and one-half (1.5) times the greater of the regular rate of pay, or the federal minimum wage. If a tip credit is properly taken, overtime pay is one and one-half times (1.5) the greater of the regular rate, or the federal minimum wage, minus the allowed tip credit, times the number of hours worked in excess of 40 hours in each workweek.

If the Plaintiff is paid a salary rate, and you find that the employer has rebutted the presumption that a salary covers 40 hours per week, the hours in excess of 40 are compensated at a rate of one-half (0.5) times the greater of the regular rate of pay or the federal minimum wage. If a tip credit is properly taken, overtime pay is one-half times (0.5) the greater of the regular rate or the federal minimum wage, minus the allowed tip credit, times the number of hours worked in excess of 40 hours in each workweek.

**Authority:** 29 C.F.R. §§ 778.113(a), (b).

**Deleted:** PROPOSED JURY INSTRUCTION 47 (FLSA: DETERMINING OVERTIME OWED)¶

*PLAINTIFFS' VERSION*¶

To prevail on an overtime claim, a Plaintiff must prove by a preponderance of the evidence that a Defendant failed to pay the Plaintiff overtime when appropriate.¶
A Plaintiff is entitled to overtime pay if he worked more than 40 hours in a week. Because the parties dispute whether the Plaintiffs worked in excess of 40 hours in a single week, you must determine how many hours each Plaintiff worked per week—which you will have already determined as part of calculating each Plaintiff's Regular Rate of Pay and recorded in response to Question 9 on your verdict forms. You will consider the issue of overtime only if you determined that Plaintiff worked more than 40 hours in a given week. If you find a Plaintiff never worked more than 40 hours in a given week for a Defendant, then check the box "No" in response to Question 15 or 18 in Issue IV of your verdict forms, depending on which Defendant is under consideration.¶
A Plaintiff is entitled to overtime pay for the hours he worked in excess of forty in any given workweek. A workweek is defined as any period of 168 consecutive hours—which is typically, but need not be, seven consecutive days. An employee must be paid at a rate of at least one and one-half (1.5) times either the employee's Regular Rate of Pay or the statutory minimum wage, whichever is greater, for all overtime hours. We discussed how to calculate a Plaintiff's Regular Rate of Pay earlier, and you will have recorded that information in Question 7(c) in Issue III of your Verdict Form. If you find that a Plaintiff's Regular Rate of Pay exceeds the applicable minimum wage, then you would determine his overtime rate by multiplying his Regular Rate of Pay by 1.5, which increases it by 50%.¶
If, however, you find that a Plaintiff's Regular Rate of Pay is less than or equal to the applicable minimum wage, then his overtime rate is determined by the applicable minimum wage rate, not by his Regular Rate. ¶ ... [12]

**Formatted:** Indent: Left: 0", Right: 0"

**Deleted:** ,

**Deleted:** , or the New York minimum wage

**Deleted:** ,

**Deleted:** , or the New York minimum wage

**Formatted:** Indent: Left: 0", Right: 0", Space Before: 0 pt

**Deleted:** 0

**Deleted:** ,

**Deleted:** , or the New York minimum wage

**Deleted:** 0

**Deleted:** ,

**Deleted:** , or the New York minimum wage

**Formatted:** Indent: Left: 0", Space Before: 0 pt

**Deleted:** --------------------Page Break--------------------

### PROPOSED JURY INSTRUCTION NO. 42 (NYLL: DETERMINING OVERTIME OWED)

If the Plaintiff is paid an hourly rate, the overtime pay owed is one and one-half (1.5) times the greater of the employee's regular rate of pay, the federal minimum wage, or the New York minimum wage for all hours worked in excess of 40 in a work week. If a tip credit is properly taken, overtime pay is one and one-half (1.5) times the greater of the regular rate, the federal minimum wage, or the New York minimum wage, minus the allowed tip credit, times the number of hours worked in excess of 40 hours in each workweek.

If the Plaintiff is paid a salary rate, the hours in excess of 40 are compensated at a rate of one and one-half (1.5) times the greater of the regular rate of pay, or the New York minimum wage. If a tip credit is properly taken, overtime pay is one and one-half times (1.5) the greater of the regular rate, or the New York minimum wage, minus the allowed tip credit, times the number of hours worked in excess of 40 hours in each workweek.

**Authority:** 12 N.Y.C.R.R. § 146-1.4; *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 & n.5 (2d Cir. 2003); *see generally* 29 C.F.R. §§ 778.113(a), (b).

**PROPOSED JURY INSTRUCTION NO. 43 (FLSA AND NYLL: TIP CREDIT AGAINST MINIMUM WAGE)**

The FLSA and NYLL permit an employer to pay a "tipped employee" a cash wage lower than the federal minimum wage, provided the cash wage and the employee's tips, taken together, are equivalent to at least the minimum wage. This allowance is known as a "tip credit." The employer bears the burden of proof, by a preponderance of the evidence, showing it is entitled to take the tip credit.

If Defendants do not prove by a preponderance of the evidence that they were entitled to take the tip credit, as I will further discuss, the Plaintiff is entitled to the difference between the federal minimum wage and the amount actually paid, regardless of tips received.

**Authority:** 29 U.S.C. §§ 203(m), 206(a)(1); 12 N.Y.C.R.R. § 146-1.3; *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 288 (S.D.N.Y. 2011); Matthew Bender, Modern Federal Jury Instructions – Civil, Chapter 85 Fair Labor Standards Act § 85.18 (2015).

## PROPOSED JURY INSTRUCTION NO. 45 (FLSA: DEFINITION OF TIPPED EMPLOYEE)

"Tipped employee" means an employee who is engaged in an occupation in which he customarily and regularly receives more than $30 per month in tips.

**Authority**: 29 U.S.C. § 203(t).

---

**Deleted:** PROPOSED JURY INSTRUCTION NO. 44 (NYLL: TIP CREDIT AGAINST NEW YORK MINIMUM WAGE)¶

**PROPOSED JURY INSTRUCTION 50¶
(NYLL: TIP CREDIT AGAINST NEW YORK MINIMUM WAGE)¶**

The NYLL permits an employer to pay a "tipped employee" a cash wage lower than the New York minimum wage, provided the cash wage and the employee's tips, taken together, are equivalent to at least the minimum wage. This allowance is known as a "tip credit." The employer bears the burden of proof, by a preponderance of the evidence, showing it is entitled to take the tip credit.¶

If Defendants do not prove by a preponderance of the evidence that they were entitled to take the tip credit, as I will further discuss, the Plaintiff is entitled to the difference between the New York minimum wage and the amount actually paid, regardless of tips received.¶

**Authority:** 12 N.Y.C.R.R. § 146-1.3; Matthew Bender, Modern Federal Jury Instructions – ¶

Civil, Chapter 85 Fair Labor Standards Act § 85.18 (2015).¶

----------Page Break----------

¶                                        ... [13]

**Deleted: PROPOSED JURY INSTRUCTION 51 (FLSA: DEFINITION OF TIPPED EMPLOYEE)¶**

¶

**Formatted:** Indent: Left:  0"

**Deleted:** ¶

**Deleted:** ----------Page Break----------

**PROPOSED JURY INSTRUCTION NO. 46 (NYLL: DEFINITION OF TIPPED EMPLOYEE)**

"Tipped employee" includes a "food service worker" or "service employee." A "food service worker" is any employee other than a delivery worker who is primarily engaged in the serving of food or beverages to guests, patrons or customers in the hospitality industry, including, but not limited to, waitstaff, bartenders, captains and bussing personnel; and who regularly receives tips from such guests, patrons or customers.

A "service employee" is an employee other than a food service worker who customarily receives tips.

An employee may not be classified as a food service worker or service employee on any day of a week in which he or she has been assigned to work in an occupation in which tips are not customarily received for 2 hours or more, or for more than 20 percent of his or her shift, whichever is less.

In this case, the parties have agreed that Lianhua Weng, Haihua Zhai, Shimin Yuan, and Guangli Zhang were service employees, while Chengbin Qian was a food service employee.

**Authority:** N.Y. Lab. Law § 651(9); 12 N.Y.C.R.R. §§ 146-3.3, 3.4.

---

**Deleted:** ¶
PROPOSED JURY INSTRUCTION 52 (NYLL: DEFINITION OF TIPPED EMPLOYEE)¶
¶

**Deleted:** In this case, the parties have agreed that the Plaintiff was at all relevant times a [food service worker/service employee].¶

**Formatted:** Indent: Left:  0"

**Deleted:** ¶
----------------Page Break----------------

### PROPOSED JURY INSTRUCTION NO. 47 (FLSA: ALLOWABLE TIP CREDIT)

For purposes of this case, the maximum allowable tip credit an employer can take under the FLSA is $5.12 per hour and thus the minimum cash wage the employer must pay to a tipped employee is $2.13 per hour. Employers electing to take the tip credit must show the tipped employee received at least the full minimum wage when the direct (or cash) wages and tip credit are combined. If an employee's tips combined with the direct (or cash) wage does not equal the full minimum wage, the employer must make up the difference.

To avail itself of the FLSA's tip credit, an employer must comply with two additional statutory requirements. The FLSA provides that that the tip credit shall not apply with respect to any tipped employee unless (1) such employee has been informed by the employer of the statute's tip credit provisions, and (2) all tips received by such employee have been retained by the employee. The notice provision is strictly construed and normally requires that an employer take affirmative steps to inform affected employees of the employer's intent to claim the tip credit. The employer bears the burden of showing that it satisfied the notice requirement by, for example, providing employees with copies of § 203(m) of the FLSA, which explains the tip credit, and informing them that their tips will be used as a credit against the minimum wage as permitted by law. However, the FLSA's notice provision does not require that the notice be given in writing. If the employer cannot show that it has informed employees that tips are being credited against their wages, then no tip credit can be taken and the employer is liable for the full minimum wage.

**Authority:** 29 U.S.C. § 203(m); U.S. Dep't of Labor, Wage and Hour Division, Fact Sheet No. 15A: Ownership of Tips Under the Fair Labor Standards Act (FLSA) (July 2013); *Garcia v. Saigon Mkt. LLC*, No. 15-cv-09433 (VSB), 2019 U.S. Dist. LEXIS 163259, at *18–19 (S.D.N.Y. Sep. 24, 2019).

Deleted: ¶
**PROPOSED JURY INSTRUCTION 53 (FLSA: ALLOWABLE TIP CREDIT)**¶
¶

Formatted: Indent: Left:  0", Right:  0"

Formatted: Justified, Indent: Left:  0", Space Before:  0 pt

Deleted: ¶
¶

## PROPOSED JURY INSTRUCTION NO. 48 (NYLL: ALLOWABLE TIP CREDIT)

Under the NYLL, the maximum allowable tip credit and corresponding minimum cash wage for food service workers for purposes of this case are as follows:

1.    December 31, 2013 – December 30, 2014: $3.00 per hour tip credit; $5.00 per hour cash wage

2.    December 31, 2014 – December 30, 2015: $3.75 per hour tip credit; $5.00 per hour cash wage

3.    December 31, 2015 – December 30, 2016: $1.50 per hour tip credit; $7.50 per hour cash wage

4.    December 31, 2016 – December 30, 2017: for employers with more than 10 employees, $3.50 per hour tip credit; $7.50 per hour cash wage; for employers with 10 or fewer employees, $3.00 per hour tip credit, $7.50 per hour cash wage

Under the NYLL, the maximum allowable tip credit and corresponding cash wage for service employees for purposes of this case are as follows:

5.    December 31, 2013 – December 30, 2014: $2.35 per hour tip credit; $5.65 per hour cash wage

6.    December 31, 2014 – December 30, 2015: $3.10 per hour tip credit; $5.65 per hour cash wage

7.    December 31, 2015 – December 30, 2016: $1.50 per hour tip credit; $7.50 per hour cash wage

8.    December 31, 2016 – December 30, 2017: for employers with more than 10 employees, $1.85 per hour tip credit; $9.15 per hour cash wage; for employers with 10 or fewer employees, $1.75 per hour tip credit, $8.75 per hour cash wage

Employers electing to take the tip credit must show the tipped employee received at least the full minimum wage when the direct (or cash) wages and tip credit are combined. If an employee's tips combined with the direct (or cash) wage does not equal the full minimum wage, the employer must make up the difference.

The NYLL provides that an employer may take a credit towards the basic minimum hourly rate if a service employee or food service employee has been notified of the tip credit. However, although the tip credit requirements under the NYLL are similar to those under the FLSA, they are not identical. Most importantly, notice of the tip credit under the NYLL must be written.

The NYLL requires that prior to the start of employment, an employer shall give each employee written notice of the amount of tip credit, if any, to be taken from the basic minimum hourly rate. The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate. This notice must be written in both English and any other language spoken by the employee as his or her primary language. Once an employer has provided written notice of this tip credit, the employer must obtain acknowledgement of receipt signed by the employee. The burden is on the employer to show that it has complied with the NYLL's tip notice requirement. An employer who fails to provide the required notice is liable for the difference between the full minimum wage rate and what the employee was actually paid.

**Authority:** 12 N.Y.C.R.R. §§ 146-1.3(a), 146-1.4, 146-1.5, 146-2.2; *Garcia v. Saigon Mkt. LLC,* No. 15-cv-09433 (VSB), 2019 U.S. Dist. LEXIS 163259, at *20–21 (S.D.N.Y. Sep. 24, 2019).

**PROPOSED JURY INSTRUCTION NO. 49 (FLSA: IMPERMISSIBLE TIP SHARING)**

An employer cannot take the tip credit under the FLSA for any period during which it requires tipped employees to share tips with managers, or employees who do not customarily and regularly receive tips. Whether someone is a manager depends on whether he or she is an "employer" under the FLSA. Whether an employee customarily and regularly receive tips depends on whether his or her job is historically a tipped occupation and whether he or she has more than a *de minimis*, or negligible, interaction with customers as part of his or her employment. An employer does not forfeit the tip credit if tipped employees voluntarily share their tips with employees who not customarily and regularly receive tips.

**Authority:** 29 U.S.C. § 203(m); *Barenboim v. Starbucks Corp.*, 698 F.3d 104, 110 (2d Cir. 2012); *Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 240 (2d Cir. 2011); *Mendez v. Int'l Food House Inc.*, 2014 U.S. Dist. LEXIS 121158, at *13-16 (S.D.N.Y. Aug. 28, 2014); *Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926, at *17-18 (S.D.N.Y. Sept. 20, 2013).

**Deleted: PROPOSED JURY INSTRUCTION 55 (FLSA: REQUIRED NOTICE OF TIP CREDIT)**

*PLAINTIFFS' VERSION*
The parties dispute whether the Defendants were entitled to take what is called the "tip credit" against the required minimum wage for Plaintiffs. Under the "tip credit," an employer may pay tipped employees less than the normal minimum wage by crediting a portion of the tips received by the employee against the required minimum wage. If you find that a Defendant is entitled to a tip credit with respect to a particular employee, a lower minimum wage rate applies to that employee.
To take advantage of the tip credit, each Defendant must prove, by a preponderance of the evidence, the following three elements:
First, that the Defendant informed the Plaintiff under consideration that his tips were being credited against his wages;
Second, that the Plaintiff under consideration retained all of the tips that were received from his customers; and
Third, that the Defendant maintained sufficient records of the number of hours the Plaintiff worked, daily and weekly, including the time of arrival and departure of each employee, and provided the Plaintiff a statement listing hours worked, rates paid, gross wages, allowances claimed as part of the minimum wage, deductions, and net wages with every payment of wages.
With respect to the first element, the New York Labor Law requires that an employer give each employee written notice, in English and any other language spoken by the employee as his primary language, of the amount of tip credit to be taken, and the employer must keep the employee's signed acknowledgement of receipt of the notice on file for six years. Thus, with respect to this first element, in order for either Plaintiff's employer to be entitled to a tip credit under the New York Labor Law, you must specifically find that his employer provided him with this form of written notice.
With respect to the second element concerning a Plaintiff receiving all of the tips to which he is entitled, pooling tips among employees who regularly receive tips is permitted. [But a Defendant is not entitled to a tip credit if the relevant Plaintiff was required to share his tips with employees who did not customarily and regularly receive tips, such as managers or employees who do not provide direct customer service. Managers and owners are not permitted to participate in a tip pool if the employer is claiming a tip credit. For the purposes of the tip credit, a manager is an employee with substantial managerial authority over day-to-day operations, including the authority to hire and fire staff, supervise other employees, control work schedules, and make other decisions. If you find that a manager of the establishment participated in a tip pool that included the [14]

**Formatted:** Indent: Left: 0", Right: 0"

**Deleted:** ¶

**Formatted:** Indent: Left: 0", Right: 0", Space Before: 0 pt, After: 12 pt, Line spacing: single

**Deleted:** -------------------------Page Break-------------------------

## PROPOSED JURY INSTRUCTION NO. 50 (NYLL: IMPERMISSIBLE TIP SHARING)

An employer cannot take the tip credit under the NYLL for any period during which it requires tipped employees to share tips with managers, or employees who do not perform direct customer service. Whether someone is a manager depends on whether he or she has meaningful or significant authority over the employee, including the ability to discipline, assist in hiring, firing, and performance reviews, and provide input into work schedules. Whether an employee performs direct customer service depends on whether he or she performs, or assists in performing, personal service to patrons at a level that is a principal and regular part of his or her duties, not merely occasional or incidental. An employer does not forfeit the tip credit if tipped employees voluntarily share their tips with employees who not perform direct customer service.

**Authority:** N.Y. Lab. Law § 196-d; 12 N.Y.C.R.R. § 146-2,14(e); *Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 240, 246 (2d Cir. 2011); *Mendez v. Int'l Food House Inc.*, 2014 U.S. Dist. LEXIS 121158, at *13-16 (S.D.N.Y. Aug. 28, 2014); *Barenboim v. Starbucks Corp.*, 21 N.Y.3d 460, 474, 995 N.E.2d 153 (2013).

**PROPOSED JURY INSTRUCTION NO. 51 (FLSA: TIME SPENT ON NON-TIPPED WORK)**

An employee need not spend the entire time he or she receives the tip credit performing tip-producing activities (*e.g.*, traveling to delivery locations, delivering food to customers). Rather, the employee may continue to receive the tip credit while performing duties that are "related" to tip-producing activities. However, if a tipped employee spends a substantial amount of time (*i.e.*, more than 20% of his or her working day, or 2 hours, whichever is less) at the tip credit rate engaged in such related activities, the employer must pay the full minimum wage for them.

When an employee is employed by one employer in both a tipped and non-tipped occupation (e.g., employee employed as a waiter and a maintenance person for the same employer), the tip credit is available only for the hours spent by the employee while in the tipped occupation. However, the employer is permitted to take the tip credit for some time the employee spends in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips. For example, a waitperson who spends some time cleaning and setting tables, making coffee, and occasionally washing dishes or glasses is considered engaged in a tipped occupation even though these duties are not tip producing. If the employee spends a substantial amount of time (*e.g.*, in excess of 20% of the shift) performing such related duties, the tip credit cannot be taken for the time engaged in those activities.

**Authority:** *Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926, at *9-13 (S.D.N.Y. Sept. 20, 2013); *see also* 29 C.F.R. § 531.56(e) (related but non-tip producing tasks include, for example, cleaning and setting tables, toasting bread, making coffee, and occasionally washing dishes or glasses); U.S. Dep't of Labor, Field Operations Handbook § 30d00(e), *available at* http://www.dol.gov/whd/foh/index.htm ("maintenance and preparatory or closing activities" related non-tipped activities); U.S. Dep't of Labor, Wage and Hour Division, Fact Sheet No. 15A: Ownership of Tips Under the Fair Labor Standards Act (FLSA) (July 2013); Matthew Bender, Modern Federal Jury Instructions – Civil, Chapter 85, Fair Labor Standards Act § 85.18 (2015).

## PROPOSED JURY INSTRUCTION NO. 52 (NYLL: TIME SPENT ON NON-TIPPED WORK)

Defendants cannot classify the Plaintiff as a "tipped employee," and thus cannot receive the tip credit, on any day in which the Plaintiff is assigned to work in an occupation in which tips are not customarily received for either two hours or more or for more than 20 percent of his or her shift, whichever is less. For example:

An employee has a daily schedule as follows: 8 a.m. to 9:45 a.m., food preparation; 9:45 a.m. to 1:30 p.m., serving food in the restaurant; takes ½ hour meal period; 2:00 p.m. to 4:30 p.m. serving food in the restaurant. That employee has worked 8 hours total, consisting of 6 hours, 15 minutes as a food service worker and 1 hour, 45 minutes in a non-tipped occupation. Twenty percent of an 8-hour shift is 1 hour, 36 minutes. Although the employee worked for less than two hours at the non-tipped occupation, he or she has worked for more than 20 percent of his or her shift at the non-tipped occupation. Therefore, the employee is subject to no tip credit for that day.

**Authority:** 12 N.Y.C.R.R. §§ 146-2.9, 146-3.3, 146-3.4; *Salinas v. Starjem Rest. Corp.*, 2015 U.S. Dist. LEXIS 106154, at *69 (S.D.N.Y. Aug. 12, 2015).

**PROPOSED JURY INSTRUCTION NO. 53 (NYLL: ELEMENTS OF CLAIM FOR SPREAD OF HOURS PAY)**

The NYLL requires employers to pay employees whose daily "spread of hours" is more than 10 hours one additional hour at the full New York minimum wage rate. Spread of hours is defined as the interval between the beginning and end of an employee's workday and includes working time, time off for meals, and intervals off duty.

Therefore, in order for the Plaintiff to establish a spread of hours pay claim under the NYLL, he must prove the following by a preponderance of the evidence (as defined by my prior instruction, which you must follow):

1.   The Plaintiff was an employee of the Defendants during the six-year period before he brought his claims;

2.   During this six-year period, the Plaintiff had one or more workdays in which his spread of hours exceeded 10 hours; and

3.   The Defendants failed to pay the Plaintiff an additional hour at the full New York minimum wage rate on one or more of these days.

If you find that the Plaintiff has proven all three elements by a preponderance of the evidence, you must find in his favor and against the Defendants on his spread of hours pay claim. On the other hand, if you find that the Plaintiff has failed to prove one or more of these elements by a preponderance of the evidence, you must find against the Plaintiff on his spread of hours pay claim and in favor of the Defendants.

**Authority:** 12 N.Y.C.R.R. § 137-1.7; *Pinovi v. FDD Enters., Inc.*, 2015 U.S. Dist. LEXIS 89154 (S.D.N.Y. Sept. 8, 2015).

**PROPOSED JURY INSTRUCTION NO. 54 (FLSA: STATUTE OF LIMITATIONS)**

If you find in favor of a Plaintiff with respect to any of his FLSA claims, you must determine whether the Defendants' failure to pay minimum wages and/or overtime pay to that Plaintiff was willful.

The FLSA permits an employee to seek back pay for up to two years before filing a lawsuit. But an employee may seek a third year of back pay if he or she proves that the employer's violations were willful. In order for the Plaintiff to establish that the Defendants' failure to pay him minimum wages and/or overtime pay was willful, he must prove, by a preponderance of the evidence, that the Defendants knew their conduct was prohibited by the FLSA or showed reckless disregard for whether such conduct was prohibited by the FLSA.

Reckless disregard involves actual knowledge of a legal requirement, and deliberate disregard of the risk that one is in violation. Recklessness is an extreme departure from the standards of ordinary care, to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it. If an employer acts unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful.

**Authority:** 29 U.S.C. § 255; *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Parada v. Banco Indus. de Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014); *Pinovi v. FDD Enters., Inc.*, 2015 U.S. Dist. LEXIS 89154, at *10 (S.D.N.Y. July 8, 2015); *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 937-38 (S.D.N.Y. 2013).

**PROPOSED JURY INSTRUCTION NO. 55 (FLSA: MINIMUM WAGE AND OVERTIME PAY DAMAGES)**

If you find in favor of a Plaintiff with respect to any of his FLSA claims, you must award the Plaintiff damages in the amount that the Plaintiff should have been paid minus what the Defendants actually paid the Plaintiff.

The minimum wage that should have been paid is the number of hours worked in each work week up to 40 hours, times the required minimum wage applicable to that work week. You must calculate these amounts separately for each work week.

The overtime pay amount that should have been paid is the number of hours worked in excess of 40 hours in each workweek.

If the Plaintiff is paid an hourly rate, the overtime pay owed is one and one-half (1.5) times the greater of the employee's regular rate of pay or the federal minimum wage for all hours worked in excess of 40 in a work week. If a tip credit is properly taken, overtime pay is one and one-half (1.5) times the greater of the regular rate or the federal minimum wage, minus the allowed tip credit, times the number of hours worked in excess of 40 hours in each workweek.

If the Plaintiff is paid a salary rate, and you find that the employer has not rebutted the presumption that a salary covers 40 hours per week, the hours in excess of 40 are compensated at a rate of one and one-half (1.5) times the greater of the regular rate of pay or the federal minimum wage. If a tip credit is properly taken, overtime pay is one and one-half times (1.5) the greater of the regular rate or the federal minimum wage, minus the allowed tip credit, times the number of hours worked in excess of 40 hours in each workweek.

If the Plaintiff is paid a salary rate, and you find that the employer has rebutted the presumption that a salary covers 40 hours per week, the hours in excess of 40 are compensated at a rate of one-half (0.5) times the greater of the regular rate of pay or the federal minimum wage.

If a tip credit is properly taken, overtime pay is one-half times (0.5) the greater of the regular rate or the federal minimum wage, minus the allowed tip credit, times the number of hours worked in excess of 40 hours in each workweek.

You must calculate the overtime amounts owed separately for each workweek.

**Authority:** 29 U.S.C. §§ 206, 207, 216; 29 C.F.R. §§ 778.113(a), (b); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 291-92 (S.D.N.Y. 2011).

**Deleted:** If the Plaintiff was paid an hourly rate, the overtime pay owed is one and one-half (1.5) times the greater of the employee's regular rate of pay, the federal minimum wage, or the New York minimum wage for all hours worked in excess of 40 in a work week. If a tip credit was properly taken, overtime pay is one and one-half (1.5) times the greater of the regular rate, the federal minimum wage, or the New York minimum wage, minus the allowed tip credit, times the number of hours worked in excess of 40 hours in each workweek.¶
If the Plaintiff was paid a salary rate, the hours in excess of 40 are compensated at a rate of one-half (0.5) times the greater of the regular rate of pay, the federal minimum wage, or the New York minimum wage. If a tip credit was properly taken, overtime pay is one-half times (0.5) the greater of the regular rate, the federal minimum wage, or the New York minimum wage, minus the allowed tip credit, times the number of hours worked in excess of 40 hours in each workweek.¶

**Formatted:** Indent: Left: 0", Line spacing: Double

**Deleted:** ¶
¶

**Formatted:** Indent: Left: 0", Space Before: 0 pt

**Deleted:** ¶
¶

**Deleted:** ¶
------------------------Page Break------------------------

**PROPOSED JURY INSTRUCTION NO. 56 (NYLL: MINIMUM WAGE, OVERTIME PAY, AND SPREAD OF HOURS PAY DAMAGES)**

If you find in favor of a Plaintiff with respect to any of his NYLL claims for minimum wage, overtime pay, or spread of hours pay, you must award the Plaintiff damages in the amount that the Plaintiff should have been paid minus what the Defendants actually paid the Plaintiff.

The minimum wage that should have been paid is the number of hours worked in each work week up to 40 hours, times the required minimum wage applicable to that work week. You must calculate these amounts separately for each work week.

If the Plaintiff is paid an hourly rate, the overtime pay owed is one and one-half (1.5) times the greater of the employee's regular rate of pay, the federal minimum wage, or the New York minimum wage for all hours worked in excess of 40 in a work week. If a tip credit is properly taken, overtime pay is one and one-half (1.5) times the greater of the regular rate, the federal minimum wage, or the New York minimum wage, minus the allowed tip credit, times the number of hours worked in excess of 40 hours in each workweek.

If the Plaintiff is paid a salary rate, the hours in excess of 40 are compensated at a rate of one and one-half (1.5) times the greater of the regular rate of pay or the New York minimum wage. If a tip credit is properly taken, overtime pay is one and one-half times (1.5) the greater of the regular rate or the New York minimum wage, minus the allowed tip credit, times the number of hours worked in excess of 40 hours in each workweek.

You must calculate the overtime amounts owed separately for each workweek.

The spread of hours pay that should have been paid is one hour at the full New York minimum wage for each workday in which the interval between the beginning and end of work, including hours worked, meal periods, and off-duty intervals, exceeded 10 hours. You must calculate these amounts separately for each workday.

---

Deleted: ¶
PROPOSED JURY INSTRUCTION 64¶
(NYLL: MINIMUM WAGE, OVERTIME PAY, AND SPREAD OF HOURS PAY DAMAGES)¶
¶

Formatted: English (US)

Deleted:

Deleted: the

Formatted: Indent: Left: 0", Right: 0"

Deleted: under Instruction Nos.

Deleted:

Deleted:

Deleted: The overtime pay amount that should have been paid is the number of hours worked in excess of 40 hours in each workweek. If the Plaintiff was paid an hourly rate, the overtime pay owed is one and one-half (1.5) times the greater of the employee's regular rate of pay, the federal minimum wage, or the New York minimum wage for all hours worked in excess of 40 in a work week. If a tip credit was properly taken, overtime pay is one and one-half (1.5) times the greater of the regular rate, the federal minimum wage, or the New York minimum wage, minus the allowed tip credit, times the number of hours worked in excess of 40 hours in each workweek.¶
If the Plaintiff was paid a salary rate, the hours in excess of 40 are compensated at a rate of one and one-half (1.5) times the greater of the regular rate of pay, the federal minimum wage, or the New York minimum wage. If a tip credit was properly taken, overtime pay is one and one-half times (1.5) the greater of the regular rate, the federal minimum wage, or the New York minimum wage, minus the allowed tip credit, times the number of hours worked in excess of 40 hours in each workweek.¶

Formatted: Indent: Left: 0", First line: 0.5", Line spacing: Double

Formatted: Justified, Indent: Left: 0", Space Before: 0 pt

Formatted: Font: (Default) Times New Roman

**<u>Authority:</u>** N.Y. Lab. Law §§ 195(3), 198(1-d), 198(3), 652(1); 12 N.Y.C.R.R. §§ 137-1.3, 137-1.7; *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 291-92 (S.D.N.Y. 2011); *see also Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 & n.5 (2d Cir. 2003); *see generally* 29 C.F.R. §§ 778.113(a), (b).

**Formatted:** Indent: Left:  0", Space After:  12 pt, Line spacing:  single

## PROPOSED JURY INSTRUCTION NO. 57 (NYLL: WAGE NOTICE REQUIREMENT)

Effective April 9, 2011, an employer must, at the time of an employee's hiring, and then annually on or before the first of February, provide an employee with a written notice, in English and in the language identified by each employee as the primary language of such employee, containing the following information: (1) the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; (2) allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; (3) the regular pay day designated by the employer; (3) the name of the employer; any "doing business as" names used by the employer; (4) the physical address of the employer's main office or principal place of business and a mailing address if different; and (5) the telephone number of the employer.

It is the employer's burden to prove that

**Authority:** 2010 N.Y. Laws ch. 564 § 3, amending N.Y. Labor Law § 195(1)(a); 2010 N.Y. Laws ch. 564 § 7, amending N.Y. Labor Law § 198(1-b).

---

Deleted: ¶
-----------------Page Break-----------------
**PROPOSED JURY INSTRUCTION 65 (BLANK)**¶
¶
-----------------Page Break-----------------
**PROPOSED JURY INSTRUCTION 66 (BLANK)**¶
¶
-----------------Page Break-----------------
**PROPOSED JURY INSTRUCTION 67 (NYLL: ANNUAL WAGE NOTICE REQUIREMENTS)**¶
*PLAINTIFFS' VERSION*¶
¶
In their Wage Notice Claims, the Plaintiffs claim that they did not receive wage notices as required by the New York Labor Law. Under the New York Labor Law, employers are required to prove their employees with a written wage notice within 10 business days of their first day of employment and before February 1 in each subsequent calendar year. That notification must be provided in English and in the language identified by the employee as their primary language. It must contain the following information:¶
The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;¶
Allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;¶
The regular pay day designated by the employer;¶
The name of the employer;¶
Any "doing business as" names used by the employer;¶
The physical address of the employer's main office or principal place of business, and a mailing address if different; and ¶
The telephone number of the employer.¶
In considering this claim, you will again need to determine whether the Plaintiff under consideration was employed by a Defendant. If so, you must then determine whether Plaintiff was provided with an adequate wage notification form, and if so, how many days after their first day of employment the form was provided. You will enter this information in response to Questions 31-33 in Issue VII on your verdict forms.¶
*DEFENDANTS' VERSION*¶

Formatted: Indent: Left:  0", Right:  0", Space Before:  0 pt

Deleted: ¶

Formatted: Font: 12 pt

Formatted: Justified, Space Before:  0 pt

Formatted: Indent: Left:  0", Space Before:  0 pt

Deleted: -----------------Page Break-----------------

**PROPOSED JURY INSTRUCTION NO. 58 (NYLL: WAGE STATEMENT REQUIREMENT)**

Effective April 9, 2011, an employer must furnish each employee with a statement with every payment of wages accurately listing the following: (1) name of employee; (2) name of employer; (3) address and phone number of employer; (4) rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; (5) gross wages; (6) deductions; (7) allowances, if any, claimed as part of the minimum wage; and (8) net wages.

For all employees who are not exempt from overtime compensation, the statement shall include: (9) the regular hourly rate or rates of pay; (10) the overtime rate or rates of pay; (11) the number of regular hours worked; and (12) the number of overtime hours worked.

Defendants bear the burden of proving by a preponderance of the evidence that they provided each Plaintiff a wage notice with all required items.

If you find that the employer made complete and timely payment of all wages due pursuant to this article or article nineteen or article nineteen-A of this chapter to the employee who was not provided notice as required by subdivision one of section one hundred ninety-five of this article

**Authority:** N.Y. Labor Law § 195(3); N.Y. Labor Law § 198(1-d); *Chichinadze v. BG Bar, Inc.*, No. 18-cv-08069 (KPF), 2021 U.S. Dist. LEXIS 23594, at *37 (S.D.N.Y. Feb. 8, 2021); *Chong v. Golden 88 Spoon Inc.*, No. 16-cv-05591 (ALC), 2019 U.S. Dist. LEXIS 55421, at *18–19 (S.D.N.Y. Mar. 28, 2019).

**Formatted:** Indent: First line:  0.5"

**Formatted:** Justified

**PROPOSED JURY INSTRUCTION NO. 59 (NYLL: WAGE NOTICE AND WAGE STATEMENT DAMAGES)**

If you find that a Plaintiff was not provided a wage notice which included all the items in Instruction 57 in both English and the employee's primary language within ten business days of his or her first day of employment, you must award damages of $50.00 for each workweek up to and including February 27, 2015 and for each workday thereafter that the Plaintiff was not provided a wage notice, up to a maximum of $5,000.00.

If you find that a Plaintiff was not provided an accurate wage statement with each payment of wages which included all the items in Instruction 58, you must award damages of $100.00 for each workweek up to and including February 27, 2015 and $250.00 for each workday thereafter, up to a maximum of $5,000.00.

However, if you find that the employer made complete and timely payment of all wages due to the employee who was not provided notice, you must find for the Defendants.

Defendants bear the burden of proving by a preponderance of the evidence that they provided each Plaintiff an accurate wage statement with all required items with each payment of wages.

**Authority:** N.Y. Labor Law § 195(3); N.Y. Labor Law § 198(1-d); *Chong v. Golden 88 Spoon Inc.*, No. 16-cv-05591 (ALC), 2019 U.S. Dist. LEXIS 55421, at *18–19 (S.D.N.Y. Mar. 28, 2019).

**PROPOSED JURY INSTRUCTION NO. 60 (FLSA AND NYLL: GOOD FAITH)**

If you found that the Defendants failed to pay a Plaintiff the applicable minimum wage, failed to pay a Plaintiff overtime pay, failed to provide an adequate wage notice, or failed to provide pay stubs, according to the law as I have previously described it to you, then you will then need to determine whether the Defendants acted in good faith. That is because the law may lessen the Defendants' liability if they acted in good faith.  I will now instruct you on how to determine if the Defendants acted in good faith.

To act in good faith is to act with objectively reasonable grounds for believing that the acts or omissions at issue did not violate the law.  It is the Defendants' burden to establish good faith. It is not enough for the Defendants to claim that they did not know that its acts or omissions violated the law. To establish good faith, the Defendants must prove that they took active steps to ascertain the dictates of the law, and that it then took action to comply with the law, as they understood it.

**Authority:** *Garcia v. Saigon Mkt. LLC*, No. 15-cv-09433 (VSB), 2019 U.S. Dist. LEXIS 163259, at *33–34 (S.D.N.Y. Sep. 24, 2019).

> **Formatted:** Space After:  0 pt, Line spacing:  Double

## PROPOSED JURY INSTRUCTION NO. 61 (FLSA AND NYLL: GOOD FAITH)

A Plaintiff is not entitled to "double recovery" under the FLSA and NYLL. Therefore, if the Plaintiff is entitled to minimum wage damages under the NYLL, he may not recover, in addition to this amount, minimum wage damages under the FLSA for the same period of time. Likewise, if the Plaintiff is entitled to overtime pay damages under the NYLL, he may not recover, in addition to this amount, overtime pay damages under the FLSA for the same period of time. If the Plaintiff is entitled to minimum wage or overtime pay damages under both the FLSA and NYLL for a given period of time, he may only recover the higher of the two for this period.

**Authority:** *Fermin v. Las Delicias Peruanas Rest., Inc.*, 2015 U.S. Dist. LEXIS 34457, at *66 n. 15 (E.D.N.Y. Feb. 27, 2015); *Drozd v. Vlaval Const., Inc.*, 2011 U.S. Dist. LEXIS 156415, at *48 n.21 (E.D.N.Y. Oct. 18, 2011).

**PROPOSED JURY INSTRUCTION NO. 62 (CLOSING INSTRUCTIONS)**

The court reminds you that the foreperson of the jury will be responsible for the return to the court of the exhibits and the verdict forms.

Until your verdict is announced in open court, no juror is permitted to disclose to anyone the status of your deliberations or the nature of your verdict. This order must be strictly obeyed.

After your verdict is returned and announced in court, you may discuss the case with anyone. You are not required to do so; it is a matter of your own free choice.

I want to thank you and express the appreciation of the citizens of this community for your service as jurors. By providing this service you have contributed toward continuing the unique system of justice which we enjoy in the United States of America.

You will now retire to the jury room to deliberate upon your verdict. The bailiff will confer with you regarding any recess or adjournment.

**Deleted:** PROPOSED JURY INSTRUCTION 70 (BLANK)

----------Page Break----------

**PROPOSED JURY INSTRUCTION  71 (BLANK)**

----------Page Break----------

**PROPOSED JURY INSTRUCTION NO. 75 (CLOSING INSTRUCTION)**

**Formatted:** Indent: Left:  0", Right:  0"

**Formatted:** Indent: Left:  0", Right:  0", Space Before:  0 pt

**Formatted:** Indent: Left:  0", Right:  0"

**Formatted:** Justified, Indent: Left:  0", Space Before:  0 pt, Line spacing:  Double

**Deleted:**