UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIANHUA WENG, HAIHUA ZHAI,
SHIMIN YUAN, GUANGLI ZHANG,
CHENGBIN QIAN,

                Plaintiffs,

-against-

KUNG FU LITTLE STEAMED BUNS
RAMEN, INC., et al.,

                Defendants.

No. 17-CV-273 (LAP)

MEMORANDUM & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Plaintiffs' application for attorneys' fees and costs in their action for various wages under federal and state law. (See dkt. no. 120; see also dkt. nos. 121-122.) While not disputing Plaintiffs' entitlement to fees, Defendants disputed the amount on several grounds. (See dkt. no. 123.) Plaintiffs replied. (See dkt. no. 124.) For the reasons set out below, Plaintiffs' motion for attorney's fees and costs is GRANTED to the extent described below.

    Following a four-day jury trial where the jury ruled for Plaintiffs, there is no dispute that Plaintiffs are prevailing parties on at least some of their claims under the New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA"). Under both the FLSA and the NYLL, a prevailing party can recover

1

reasonable attorney's fees and costs of the action.[1] Accordingly, Plaintiffs moved for an award of fees and costs. (See dkt. no. 120.)

Plaintiffs request the following hourly rates: (1) $600 for Mr. Troy, a senior partner and experienced wage-and-hour attorney; $400 for Mr. Schweitzer, an associate, 2016 law school graduate, and experienced wage-and-hour attorney who tried the case; (3) $350 for Mr. Byun, an associate and 2015 law school graduate; (4) $200 for Ms. Kilaru, an officer manager; (5) $150 for Ms. Troy, a paralegal and interpreter; and (6) $150 for Ms. Huang, a CPA.  (See dkt. no. 121 ¶¶ 14-59.)  Plaintiffs seek attorney's fees for 251.05 hours and costs of $5,169.93.  (See id. ¶¶ 60-61.)

---

[1] See 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); N.Y. Lab. Law § 198(1-b) ("In any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment [and] all reasonable attorney's fees . . . .").

Counsel have cited cases from Judge Engelmayer (from 2014, 2015, and 2016[2]) and Judge Woods (from 2019[3]) where partners (sometimes Mr. Troy) were awarded hourly rates between $300 and $400. In a 2020 decision, Judge Koeltl awarded the following hourly rates for many of the same players in this litigation: (1) $550 for Mr. Troy; (2) $350 for Mr. Schweitzer; (3) $350 for Mr. Byun; (4) $150 for Ms. Troy; and (5) $200 for Ms. Kilaru. See Hu v. 226 Wild Ginger Inc., No. 17-CV-10161 (JGK) (KNF), 2020 WL 6324090, at *8 (S.D.N.Y. Oct. 7, 2020), report and recommendation adopted, No. 17-CV-10161 (JGK), 2020 WL 6324088 (S.D.N.Y. Oct. 27, 2020).

The Court will adopt the rates awarded by Judge Koeltl in Wild Ginger for the reasons noted therein. The Court also finds Ms. Huang's hourly rate of $150 for CPA work to be reasonable under the circumstances. However, the Court finds that an adjustment is necessary to both the hourly rate and hours for some of Mr. Troy's work.

---

[2] See Guo v. Tommy's Sushi, Inc., No. 14 Civ. 3964 (PAE), 2016 WL 452319, at *5 (S.D.N.Y. Feb. 5, 2016) (awarding Mr. Troy $300 per hour); Zhang v. Lin Kumo Japanese Rest. Inc., No. 13 CIV. 6667 PAE, 2015 WL 5122530, at *3 (S.D.N.Y. Aug. 31, 2015) (awarding Mr. troy $300 per hour); Trinidad v. Pret a Manger (USA) Ltd., No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *9 (S.D.N.Y. Sept. 19, 2014) (awarding partner $400 per hour).

[3] See Xin v. 1A Royal Thai Cuisine & 1A Anago Sushi Inc., No. 17-CV-10240 (GHW), slip op. at 1, (S.D.N.Y. June 3, 2019) (awarding Mr. Troy $300 per hour).

In reviewing the total number of hours expended by Plaintiffs' counsel, the Court finds the hours to be reasonable, except for Mr. Troy's.  The Court agrees with Judge Engelmayer that Mr. Troy's time records "reflect not only partner-level work, but also associate- and even paralegal-level work."[4]  In addition, as defense counsel points out, each of Mr. Troy's client intake meetings is 2.2 hours,[5] and the time spent on some tasks--for example, drafting and reviewing the complaint[6]--is excessive.  Accordingly, the Court reduces Mr. Troy's hours by 20% to 76.9 and finds $550 per hour to be reasonable for half the time and $300 per hour to be reasonable for the other half for a total of $32,682.50.

The Court finds the hours expended by the other lawyers and staff to be reasonable.  The Court also finds the costs, including interpreter fees, to be reasonable.  Accordingly, the following fees are awarded:

---

[4] Guo, 2016 WL 452319, at *6.  The entries on the following dates illustrate the point: (1) 12/27/16 and 12/28/16 (website research); (2) 1/13/17 (filing consents); (3) 1/13/17 and 1/17/17 (filing complaint and reviewing individual practices); and (4) 3/8/17 and 3/17/17 (reviewing answer, Rule 7.1 Statement, and order of conference).  (See dkt. no. 121-1 at 1-3.)

[5] (See dkt. no. 121-1 at 1 (three entries on 12/11/16 totaling 6.6 hours).)

[6] (See dkt. no. 121-1 at 2 (entries on 1/10/17 and 1/12/17 totaling 7.4 hours).)

| Individual | Hourly Rate | Hours Expended | Total Fees |
|---|---:|---:|---:|
| John Troy | $550.00 | 38.45 | $21,147.50 |
| | $300.00 | 38.45 | $11,535.00 |
| Aaron Schweitzer | $350.00 | 94.38 | $33,033.00 |
| George Byun | $350.00 | 25.70 | $8,995.00 |
| Preethi Kilaru | $200.00 | 6.34 | $1,268.00 |
| Tiffany Troy | $150.00 | 23.60 | $3,540.00 |
| Maggie Huang | $150.00 | 4.90 | $735.00 |
| **TOTAL** | | **231.82** | **$80,253.50** |

In sum, Plaintiffs' motion for attorney's fees and costs [dkt. no. 120] is GRANTED to the extent of $80,253.50 in fees and $5,169.93 in costs. The Clerk of the Court shall close the open motion. In light of these facts, counsel shall confer and submit a proposed form of judgment with fillable spaces, as to each plaintiff, for (1) compensatory damages for unpaid wages under the NYLL, (2) liquidated damages for unpaid wages under the NYLL, (3) statutory damages for violation of NYLL § 195.1, (4) statutory damages for violation of NYLL § 195.3, and (5) prejudgment interest.

**SO ORDERED.**

Dated:    May 21, 2021
          New York, New York

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge