```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| LIANHUA WENG, et al., <br><br> Plaintiffs, <br><br> -against- <br><br> KUNG FU LITTLE STEAMED BUNS RAMEN, INC., et al., <br><br> Defendants. | No. 17-CV-273 (LAP) <br><br> MEMORANDUM & ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court are two related, opposed motions: (1) Plaintiffs' motion to substitute Wen Zhang for deceased Plaintiff Guangli Zhang under Federal Rule of Civil Procedure 25,[1] and (2) the motion to dismiss Mr. Zhang's claims under Federal Rules of Civil Procedure 41(b), 12(b)(1), and 12(h)(3) filed by Defendants Kung Fu Little Steamed Buns Ramen Inc., Kung Fu Delicacy Inc., Kung Fu Kitchen Inc., and Zhe "Peter" Song (collectively, "Defendants").[2]  For the reasons below, Plaintiffs' motion is GRANTED, and Defendants' motion is DENIED.

---

[1] (See dkt. no. 133; see also dkt. no. 134 (brief in support); dkt. no. 139 (opposition); dkt. no. 140 (reply).)

[2] (See dkt. no. 137; see also dkt. no. 138 (brief in support); dkt. no. 141 (opposition); dkt. no. 142 (reply).) Defendants John Liu and Zhimin Chen were found to be in default as a result of their failure to appear for trial. (See dkt. no. 115.)

1

## I. Background

The Court presumes the parties' familiarity with the facts underlying this action and thus will summarize only the facts relevant to the instant motion here.

Plaintiffs filed this collective action under various provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (See dkt. no. 1.) Trial in this matter was originally scheduled to begin on March 23, 2020. (See dkt. no. 58 at 10.) That date was ultimately adjourned several times due to the COVID-19 pandemic. (See dkt. nos. 63, 65, 81.) A final pre-trial conference in this matter was held on February 23, 2021, in anticipation of a confirmed trial date of March 10, 2021. (See dkt. no. 86.)

On February 24, 2021, Plaintiffs' counsel filed a suggestion of death related to Plaintiff Guangli Zhang, who had died more than two years earlier. (See dkt. no. 87.) On March 2, 2021, Defendants sought dismissal of this action as a sanction for, among other things, Plaintiffs' counsel's delay in informing Defendants (and the Court) of Guangli Zhang's death. (See dkt. no. 91.) Four days later, the Court denied that motion. (See dkt. no. 104.)

Because Guangli Zhang died without a will, his son Wen Zhang petitioned the New York State Surrogate's Court for letters of administration for Guangli Zhang's estate. (See dkt.

no. 134 ¶ 5.)  That petition was filed two weeks after Plaintiffs' counsel filed the suggestion of death.  (See id.)  The Surrogate's Court provided the letters of administration on August 23, 2021.  (See dkt. no. 134-1.)

Prior to receiving the letters, a jury trial was held in this matter on all claims, including Guangli Zhang's.  Zhang's deposition was submitted as evidence of his claims.  On the record at trial, Defendants moved to dismiss Guangli Zhang's claims under Rule 41, and the Court invited counsel to brief that issue post-trial.  After a four-day trial, the jury found in favor of all Plaintiffs, including Guangli Zhang, on their minimum wage, overtime, spread-of-hours, wage notice, and wage statement claims.  (See dkt. nos. 109-113.)  Following Plaintiffs' successful motion for attorney's fees, (see dkt. no. 125), the parties submitted the instant motions.

## II.  Legal Standards

"If the plaintiff fails to prosecute . . . , a defendant may move to dismiss the action or any claim against it."  FED. R. CIV. P. 41(b).  "[A] district court may dismiss a case under Rule 41(b) when the plaintiff refuses to go forward with a properly scheduled trial."  Lewis v. Rawson, 564 F.3d 569, 580 (2d Cir. 2009).  "A dismissal for not making a timely substitution after the death of a party is covered by Federal Rule of Civil

Procedure 25(a)."  9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2369 (4th ed.).

"If a party dies and [his] claim is not extinguished, the court may order substitution of the proper party."  FED. R. CIV. P. 25(a)(1).  "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Id.  "A court has discretion," however, "to relieve a party of these time limits under specified circumstances."  O'Rourke v. Ehsan Food Corp., No. 19-CV-6162 (LJL), 2020 WL 6894663, at *2 (S.D.N.Y. Nov. 24, 2020).  For example, the Court may extend that ninety-day window "for good cause" if a motion is filed "before the original time or its extension expires."  FED. R. CIV. P. 6(b); see also Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 470 (2d Cir. 1998).

### III. Discussion

For substitution to be proper, Plaintiffs must show three things: (1) Guangli Zhang's claim was not extinguished by his death; (2) Wen Zhang is a proper party to be substituted; and (3) the motion to substitute was made timely.  See FED. R. CIV. P. 25(a)(1).  Defendants only contest Plaintiffs' establishment of the third element.  (See dkt. no. 138 at 3-4.)  On that point, Defendants aver that no good cause exists to excuse Plaintiffs' failure to move to substitute within Rule 25's prescribed period

4

because Plaintiffs dragged their feet for some thirty months following Guangli Zhang's death.  (See id.)

The Court disagrees.  Defendants' frustration with the significant delay before learning of Guangli Zhang's death is certainly understandable.  But the Federal Rules do not measure a motion to substitute's timeliness from the death of the party.  Rather, here, the ninety days began to run "after service of a statement noting the death," i.e., the suggestion of death filed on February 24, 2021.  FED. R. CIV. P. 25(a)(1).

Following the filing of that document, Wen Zhang expeditiously sought letters of administration from the Surrogate's Court, which were only awarded on August 23, 2021.  In the interim, Plaintiffs sought an extension within Rule 25's ninety-day window, (see dkt. no. 126), in response to which the Court stayed setting a briefing schedule for sixty days pending the resolution of the Surrogate Court proceedings, (see dkt. no. 132).  Then, the day after receiving the letters of administration, Plaintiffs moved to substitute.  (See dkt. no. 133.)  Those facts support a finding of good cause to extend Rule 25's ninety-day deadline.  And because Plaintiffs have established that Guangli Zhang's claims survived his death and

that Wen Zhang is a proper party under Rule 25,[3] substitution is warranted.

Nevertheless, Defendants maintain that this case must be dismissed because Guangli Zhang was unable to appear for trial and Wen Zhang had not yet been substituted.  (See dkt. no. 138 at 1.)  Defendants offer two theories.  First, Rule 41 calls for dismissal because Guangli Zhang's inability to show up for trial constitutes failure to prosecute his claims.  (See id. at 5.)  And second, because Wen Zhang was not substituted before trial, the Court lacked subject matter jurisdiction over Guangli Zhang's claims.  (See id. at 5-6.)  The Court will take each in turn.

Rule 41 is meant to be a "tool of judicial administration available to district courts in managing their specific cases and general caseload," Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004), but a Rule 41(b) "dismissal is a harsh remedy and is

---

[3] All of Guangli Zhang's NYLL claims survive his death because, under New York law, "[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed."  N.Y. EST. POWERS & TRUSTS LAW § 11-3.2(b).  The Court need not determine whether Guangli Zhang's FLSA claims survive because the NYLL claims measure the wage damages in this case, and he "may not receive a 'double recovery' of back wages under both the FLSA and the NYLL." Gamero v. Koodo Sushi Corp., 272 F. Supp. 3d 481, 498 (S.D.N.Y. 2017) (alterations omitted).  Moreover, Wen Zhang, Guangli Zhang's son, is a proper party under Rule 25 by virtue of both his relationship to the decedent and the letters of administration he received from the Surrogate's Court.

appropriate only in extreme situations," Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).  With that in mind, the Court finds that dismissal is not called for here.  Although Guangli Zhang was unable to appear at trial, his counsel, who also represents his son Wen Zhang, was present and prosecuted his claims.  Defendants were not prejudiced by the trial going forward on Guangli Zhang's claims, especially because trial would have gone forward on the remaining Plaintiffs' claims anyway.  Moreover, Guangli Zhang's deposition testimony was admitted in its entirety, and Defendants had ample opportunity to cross-examine the other Plaintiffs and to present their own evidence.

The Court likewise rejects Defendants' subject matter jurisdiction argument.  Defendants toggle between basing their contention on standing or mootness.  Neither helps them.  As the Supreme Court and Court of Appeals have recognized, "standing is to be determined as of the commencement of suit."[4]  Here, Guangli Zhang was alive at this suit's genesis, and nobody suggests that he did not then have standing.  The mootness contention fares no better.  As the Court recognized above, Guangli Zhang's claims

---

[4] Lujan v. Defs. of Wildlife, 504 U.S. 555, 571 n.5 (1992); see also Digizip.com, Inc. v. Verizon Servs. Corp., 139 F. Supp. 3d 670, 675 (S.D.N.Y. 2015) ("The Second Circuit has stated that to determine whether a party has standing, the court 'must look to the facts and circumstances as they existed at the time [the] suit was initiated.'" (quoting Etuk v. Slattery, 936 F.2d 1433, 1440-41 (2d Cir. 1991)).

7

survive his death, so his successor-in-interest plainly has a personal stake in this litigation.  And, as Defendants implicitly concede, if Wen Zhang had been substituted prior to trial, Guangli Zhang's claims would not be moot.  Therefore, the Court will not dismiss Guangli Zhang's claims when the inability to substitute was due, in significant part, to administrative constraints brought upon by the COVID-19 pandemic.[5]

In short, although the nearly two-year delay in filing a suggestion of death may be unusual, Plaintiffs have otherwise complied with the Federal Rules governing motions to substitute.  Accordingly, the Court will substitute Wen Zhang for Guangli Zhang and will not dismiss Guangli Zhang's claims that survive his death.

## IV.   Conclusion

For the reasons above, Plaintiffs' motion to substitute [dkt. no. 133] is GRANTED, and Defendants' motion to dismiss [dkt. no. 137] is DENIED.  Plaintiffs' motion for an extension of time to move to substitute [dkt. no. 126] is DENIED as moot.

---

[5] Specifically, the Court notes that the New York state courts, including the Surrogate's Court, were operating well below normal levels during the relevant period.  Moreover, as a logistical matter, jury trials in the Southern District of New York have been organized centrally during the pandemic.  In practice, then, an adjournment of the confirmed March 10, 2021 trial date to provide the Surrogate's Court with more time to act could have delayed resolution of this case for months if not years.

The Clerk of the Court shall (1) substitute Wen Zhang for Guangli Zhang and (2) close the open motions.

Counsel shall confer and submit a proposed form of judgment with fillable spaces, as to each of the Plaintiffs including Wen Zhang, for (1) compensatory damages for unpaid wages under the NYLL, (2) liquidated damages for unpaid wages under the NYLL, (3) statutory damages for violation of NYLL § 195.1, (4) statutory damages for violation of NYLL § 195.3, and (5) prejudgment interest.  That proposed judgment shall be filed no later than September 28, 2021 at 5:00 p.m.

**SO ORDERED.**

Dated:    September 27, 2021
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge