# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 103, Flushing, NY 11355

September 28, 2021

<u>*Via* **ECF**</u>
Hon. Loretta A. Preska, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    **Damage Calculation & Proposed Judgment**
               *Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, No. 17-cv-00273 (LAP)
               (S.D.N.Y.)

Your Honor,

      This office represents the Plaintiffs in the above-referenced matter. We write pursuant to the Court's Order of September 27, 2021 (Dkt. No. 143) to submit a computation of Plaintiffs' damages in light of the jury's findings (attached hereto and described below) and the form of a proposed judgment. The Defendants disagree with Plaintiffs' <u>prejudgment interest</u> calculation and, having met and conferred with us, will submit a separate letter via ECF memorializing their position.

      **Employers**

      The parties stipulated that the corporate defendants were to be considered a single enterprise. The jury found that each of the plaintiffs was employed by the corporate defendants and by Zhe Song. *See* Dkt. No. 109 ¶¶ 1, 3; Dkt. No. 110 ¶¶ 1, 3; Dkt. No. 111 ¶¶ 1, 3; Dkt. No. 112 ¶¶ 1, 3; Dkt. No. 113 ¶¶ 1, 3. Zhimin Chen and "Andy" Liu did not defend themselves at trial and default was entered against them.

      Accordingly, each and every Defendant is jointly and severally liable to each and every Plaintiff for the whole amount of damages.

      **Computations of Damages**

      For each plaintiff, the period, hours per day, days per week, hours per week, monthly or daily rate, regular rate, and periods when no wage notice and wage statements were provided are either taken from or derived from the verdict sheets, as explained more fully below. The weeks per period are the number of days per period divided by 7. The years per period are the number of weeks per period divided by 52. The minimum wages are taken from the Court's instructions.

      Minimum wage shortfall per week is calculated as follows. First, compare the minimum wage to regular rate of the plaintiff under consideration. If the regular rate is higher than the minimum wage, the minimum wage shortfall is $0.00. If the regular rate is lower than the minimum wage, subtract the regular rate from the minimum wage and multiply by the lower of the hours per

Hon. Loretta A. Preska, U.S.D.J.
September 28, 2021
*Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, No. 17-cv-00273 (LAP), (S.D.N.Y.)
Page 2 of 7

week or 40 hours per week.

Overtime shortfall per week is calculated as follows. If the hours per week of the plaintiff under consideration are less than 40, his overtime shortfall is $0.00. If his hours per week are equal to or greater than 40, subtract 40 from his hours per week, multiply the result by the greater of the minimum wage or his regular rate, and further multiply by 1.5.

Spread of time shortfall per week is calculated as follows. Multiply number of days per week the plaintiff under consideration worked a spread greater than 10 hours by the minimum wage.

Total shortfall per week is the sum of minimum wage shortfall per week, overtime shortfall per week, and spread of time shortfall per week.

Damages per period is the product of the total shortfall per week and the number of weeks per period. If a plaintiff's employment is broken up into multiple periods, the damages per all periods are summed to obtain the damages over the plaintiff's employment.

Liquidated damages per period is equal to damages per period if the jury found a lack of good faith. If a plaintiff's employment is broken up into multiple periods, the liquidated damages per all periods are summed to obtain the liquidated damages over the plaintiff's employment.

The wage notice penalty is calculated as the greater of $5,000.00 on the one hand, and the product of the number of days in his employment a plaintiff was not provided a wage notice and $50.00 on the other.

The wage statement penalty is calculated as the greater of $5,000.00 on the one hand, and the product of the number of days in his employment a plaintiff was not provided a wage statement and $250.00 on the other.

Prejudgment interest is calculated as follows. For the period of the plaintiff's employment, multiply the sum of all the "damages per period" over the course of the plaintiff's employment by 9%;[1] further multiply by the number of years in his employment within the limitations period, divided by 2. For the period between the end of the plaintiff's employment, multiply the sum of all the "damages per period" over the course of the plaintiff's employment by 9%; further multiply by the number of years between the end of the plaintiff's employment and the entry of judgment.[2]

---

[1] *See* N.Y. C.P.L.R. § 5004 ("[I]nterest shall be at the rate of nine per centum per annum, except where otherwise provided by statute."). Prejudgment interest is not discretionary under the Labor Law. *See* N.Y. Lab. L. § 663.1 ("If any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she *shall recover* in a civil action… *prejudgment interest as required* under the civil practice law and rules….") (emphasis added); *see also Reilly v. NatWest Mkts. Grp.*, 181 F.3d 253, 265 (2d Cir. 1999).

[2] Overall, this yields the same result as placing the date prejudgment interest begins to accrue at the midpoint of the plaintiff's employment. *See Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 515 (S.D.N.Y. Sep. 28, 2017) ("[T]o determine when prejudgment interest begins to accrue, courts applying the NYLL in wage-and-hour cases often

Hon. Loretta A. Preska, U.S.D.J.
September 28, 2021
*Weng v. Kung Fu Little Steamed Buns Ramen Inc., No. 17-cv-00273 (LAP), (S.D.N.Y.)*
Page 3 of 7

Chengbin Qian

The jury found that Chengbin Qian was employed from March 2016 through February 2017, and through March 2017. *See* Dkt. No. 109 ¶ 2. It found that throughout his employment, he worked on average 11 hours per day, 5 days per week, and 55 hours per week. *See id.* ¶¶ 4–6. It found that his rates of pay were $0.00 per hour at 146 E 55th Street, and $160.00 per day at 811 Eighth Avenue; accordingly his regular rates of pay were $0.00 per hour and $20.00 per hour respectively. *See id.* ¶ 7. It did not explicitly clarify when he worked at 146 E 55th Street and when he worked at 811 Eighth Avenue, but a reasonable reading of the verdict in light of the testimony is that he worked at 146 E 55th Street for the first period—March 2016 through February 2017—and at 811 Eighth Avenue in the second period—March 2017. The applicable minimum wage was $9.00 per hour from the beginning of Chengbin Qian's employment through December 30, 2016, and rose to $11.00 per hour thereafter. The jury found that Defendants did not act in good faith in any relevant respect. *See id.* ¶¶ 20–24.

Because the minimum wage changed on December 31, 2016 and because his pay rate changed on March 1, 2016, Chengbin Qian's employment is broken up into three periods for purpose of calculating his damages and liquidated damages: from March 1, 2016 through December 30, 2016 (a period of 43.57 weeks); from December 31, 2016 through February 28, 2017 (8.57 weeks); and from March 1, 2017 through March 31, 2017 (4.43 weeks).

Performing the calculations described above yields damages of $26,469.64 damages and $26,469.64 in liquidated damages for the first period, $6,364.29 damages and $6,364.29 liquidated damages for the second period, and $2,236.43 damages and $2,236.43 liquidated damages for the third period, for a total of $35,070.36 damages and $35,070.36 liquidated damages.

Performing the calculations described above yields a wage notice penalty of $5,000.00 and a wage statement penalty of $5,000.00.

Performing the calculations described above yields prejudgment interest of $15,955.09 (assuming the Court enters judgment on September 28, 2021—if the Court enters judgment on some other date, the end date for this period will be that other date instead, and the calculation will have to be redone).

Damages, liquidated damages, penalties, and prejudgment interest together amount to $96,095.80.

Wen Zhang (substituted for Guangli Zhang)

The jury found that Guangli Zhang was employed from January 8, 2016 through July 14, 2016. *See* Dkt. No. 110 ¶ 2. It found that throughout his employment, he worked on average 11 hours per day, 5.5 days per week, and 60.5 hours per week. *See id.* ¶¶ 4–6. It found that his rate of pay was $1,000.00 per month and that his regular rate of pay was $5.77 per hour. *See id.* ¶ 7. The

---

choose the midpoint of the plaintiff's employment within the limitations period.") (internal punctuation and citations omitted).

3

jury found that Defendants did not act in good faith in any relevant respect. *See id.* ¶¶ 20–24.

Because no relevant fact changed throughout his employment, Guangli Zhang's employment for purpose of calculating his damages and liquidated damages is considered a single period: from January 8, 2016 through July 14, 2016 (27.00 weeks).

Performing the calculations described above yields damages of $12,176.48 damages and $12,176.48 in liquidated damages.

Performing the calculations described above yields a wage notice penalty of $5,000.00 and a wage statement penalty of $5,000.00.

Performing the calculations described above yields prejudgment interest of $6,010.80 (assuming the Court enters judgment on September 28, 2021—if the Court enters judgment on some other date, the end date for this period will be that other date instead, and the calculation will have to be redone).

Damages, liquidated damages, penalties, and prejudgment interest together amount to $40,363.76.

Shimin Yuan

The jury found that Shimin Yuan was employed from October 3, 2015 through April 26, 2016. *See* Dkt. No. 111 ¶ 2. It found that throughout his employment, he worked on average 11 hours per day, 6 days per week, and 66 hours per week. *See id.* ¶¶ 4–6. It found that his rate of pay was $1,000.00 per month and that his regular rate of pay was $5.77 per hour. *See id.* ¶ 7. The applicable minimum wage was $8.75 per hour from the beginning of Shimin Yuan's employment through December 30, 2015, and rose to $9.00 per hour thereafter. The jury found that Defendants did not act in good faith in any relevant respect. *See id.* ¶¶ 20–24.

Because the minimum wage changed on December 31, 2015, Shimin Yuan's employment is broken up into two periods for purpose of calculating his damages and liquidated damages: from October 3, 2015 through December 30, 2015 (a period of 12.71 weeks); and from December 31, 2015 through April 26, 2016 (16.86 weeks).

Performing the calculations described above yields damages of $6,522.18 damages and $6,522.18 in liquidated damages for the first period, and $9,005.60 damages and $9,005.60 liquidated damages for the second period, for a total of $15,527.79 damages and $15,527.79 liquidated damages.

Performing the calculations described above yields a wage notice penalty of $5,000.00 and a wage statement penalty of $5,000.00.

Performing the calculations described above yields prejudgment interest of $8,003.00 (assuming the Court enters judgment on September 28, 2021—if the Court enters judgment on some other date, the end date for this period will be that other date instead, and the calculation will

Hon. Loretta A. Preska, U.S.D.J.
September 28, 2021
*Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, No. 17-cv-00273 (LAP), (S.D.N.Y.)
Page 5 of 7

have to be redone).

Damages, liquidated damages, penalties, and prejudgment interest together amount to $49,058.57.

<u>Haihua Zhai</u>

The jury found that Haihua Zhai was employed from May 4, 2015 through January 20, 2016. *See* Dkt. No. 112 ¶ 2. It found that throughout his employment, he worked on average 10.5 hours per day, 6 days per week, and 63 hours per week. *See id.* ¶¶ 4–6. It found that his rate of pay was $1,000.00 per month and that his regular rate of pay was $5.77 per hour. *See id.* ¶ 7. The applicable minimum wage was $8.75 per hour from the beginning of Haihua Zhai's employment through December 30, 2015, and rose to $9.00 per hour thereafter. The jury found that Defendants did not act in good faith in any relevant respect. *See id.* ¶¶ 20–24.

Because the minimum wage changed on December 31, 2015, Haihua Zhai's employment is broken up into two periods for purpose of calculating his damages and liquidated damages: from May 4, 2015 through December 30, 2015 (a period of 34.43 weeks); and from December 31, 2015 through January 20, 2016 (3.00 weeks).

Performing the calculations described above yields damages of $16,305.57 damages and $16,305.57 in liquidated damages for the first period, and $1,481.19 damages and $1,481.19 liquidated damages for the second period, for a total of $17,786.76 damages and $17,786.76 liquidated damages.

Performing the calculations described above yields a wage notice penalty of $5,000.00 and a wage statement penalty of $5,000.00.

Performing the calculations described above yields prejudgment interest of $9,714.80 (assuming the Court enters judgment on September 28, 2021—if the Court enters judgment on some other date, the end date for this period will be that other date instead, and the calculation will have to be redone).

Damages, liquidated damages, penalties, and prejudgment interest together amount to $55,288.32.

<u>Lianhua Weng</u>

The jury found that Lianhua Weng was employed from January 2014 through June 30, 2016. *See* Dkt. No. 113 ¶ 2. It divided his employment into a period before May 2015 and a period starting in May 2015. *See id.* ¶¶ 2, 5, 10, 13. It found that throughout his employment, he worked on average 11.5 hours per day. *See id.* ¶ 4. It found that his rate of pay was $1,000.00 per month and that his regular rate of pay was $5.77 per hour. *See id.* ¶ 7.

The jury found that until May 2015, Lianhua Weng worked 7 days per week and 80.5 hours per week, and that from May 2015 through the end of his employment, he worked 6 days per week

5

and 69 hours per week. *See id.* ¶¶ 5–6. The applicable minimum wage was $8.00 per hour from the beginning of Lianhua Weng's employment through December 30, 2014, $8.75 per hour thereafter through December 30, 2015, and rose to $9.00 per hour thereafter. The jury found that Defendants did not act in good faith in any relevant respect. *See id.* ¶¶ 20–24.

Because the minimum wage changed on December 31, 2014 and December 31, 2015, and because his days and hours changed in May 2015, Lianhua Weng's employment is broken up into four periods for purpose of calculating his damages and liquidated damages: from January 1, 2014 through December 30, 2014 (a period of 52.00 weeks); from December 31, 2014 through April 30, 2015 (17.29 weeks); from May 1, 2015 through December 30, 2015 (34.86 weeks); and from December 31, 2015 through June 30, 2016 (26.14 weeks).

Performing the calculations described above yields damages of $32,824.00 damages and $32,824.00 in liquidated damages for the first period, $12,308.18 damages and $12,308.18 for the second period, $19,253.54 damages and $19,253.54 liquidated damages for the third period, and $15,025.10 damages and $15,025.10 liquidated damages for the fourth period, for a total of $79,410.82 damages and $79,410.82 liquidated damages.

Performing the calculations described above yields a wage notice penalty of $5,000.00 and a wage statement penalty of $5,000.00.

Performing the calculations described above yields prejudgment interest of $46,573.14 (assuming the Court enters judgment on September 28, 2021—if the Court enters judgment on some other date, the end date for this period will be that other date instead, and the calculation will have to be redone).

Damages, liquidated damages, penalties, and prejudgment interest together amount to $215,394.79.

### **Forms of Judgment**

Attached are two forms of judgment. One incorporates the above-calculated amounts for damages, liquidated damages, wage notice damages, and wage statement damages, but leaves blank the amount of prejudgment interest (so it can be calculated by the Court up to the date judgment is entered) and total damages—it also incorporates the Court's May 21, 2021 award of attorney fees and costs. The other leaves blank all damages fields and the fields for attorney fees and costs.

Both further provide for post-judgment interest under 28 U.S.C. § 1961, and for an automatic 15% increase of the judgment if any amount remains unpaid after the later of 90 days from the issuance of judgment or 90 days from the expiration of time to appeal.

We thank the Court for its attention to and consideration of this matter.

Respectfully submitted,

Hon. Loretta A. Preska, U.S.D.J.
September 28, 2021
*Weng v. Kung Fu Little Steamed Buns Ramen Inc., No. 17-cv-00273 (LAP), (S.D.N.Y.)*
Page 7 of 7

                                      */s/ Aaron B. Schweitzer*
                                      Aaron B. Schweitzer
                                      *Attorney for Plaintiffs*

cc:    *via* ECF all counsel of record