```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
LIANHUA WENG, et al.,                     :
                                          :    17-CV-273 (LAP)
                                          :
         PLAINTIFFS,                      :    ORDER
                                          :
                                          :
         v.                               :
                                          :
                                          :
KUNG FU LITTLE STEAMED BUNS RAMEN         :
INC. et al.,                              :
                                          :
                                          :
         DEFENDANTS.                      :
------------------------------------------X
```

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is the motion of the Troy Law Firm, PLLC, for attorney's fees and costs in connection with its representation of Plaintiffs in the appeal from the jury verdict in their favor in this Court. (Dkt. no. 156.)  The motion is unopposed.

I. **Background**

This action under the Fair Labor Standards Act was filed on January 13, 2017. (Dkt. no. 1.)  On September 28, 2021, the Court entered a Judgment in Plaintiffs' favor in the amount of $541,424.39 representing compensatory damages for unpaid wages, liquidated damages for unpaid wages, statutory damages for violations of NYLL § 195.1, statutory damages for violations of

1

NYLL § 195.3, prejudgment interest on the unpaid wages for Plaintiffs, and attorneys' fees in the amount of $80,253.50 and costs in the amount of $5,169.93. (Dkt. no. 145).  Defendants filed their Notice of Appeal on October 15, 2021. (Dkt. No. 146).  The appeal was argued on March 3, 2023 and the Court of Appeals affirmed on March 14, 2023. (Court of Appeals Dkt. no. 101.)

## II. Applicable Law

"[P]laintiffs may be considered 'prevailing parties' for attorneys' fee purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Anderson v. Cnty. of Suffolk, No. CV 09-1913 (GRB), 2016 WL 1444594, at *3 (E.D.N.Y. Apr. 11, 2016) (quoting Farrar v. Hobby, 506 U.S. 103, 109 (1992)). This Court has already ruled that Plaintiffs are the prevailing parties in this FLSA case, having awarded them $80,253.50 in fees and $5,169.93 in costs.  Prevailing Plaintiffs are entitled to attorneys' fees for work expended in successfully defending the judgment. See Anderson, 2016 WL 1444594, at *8 ("Courts have held that a 'reasonable paying client would undoubtedly be willing to pay for services of skilled appellate counsel to defend' a verdict won at trial") (quoting Luca v. County of Nassau, 698 F. Supp. 2d 296, 303 (E.D.N.Y. 2010)); see also Hastings v. Maine-Endwell Central School District, 676 F. 2d

893, 896-97 (2d Cir. 1982); Murphy v. Lynn, 118 F. 3d 938, 952-53 (2d Cir. 1997) (awarding prevailing § 1983 plaintiff attorneys' fees for successful defense of appeal).  Moreover, "[a] district court generally decides the issue of appellate attorney's fees in the first instance since an attorney's fee award involves extensive fact-finding and a large degree of discretion." Anderson, 2016 WL 1444594, at *8 (citing Cush-Crawford v. Adchem Corp., 234 F. Supp. 2d 207, 209-10 (E.D.N.Y. 2002)).

"Courts have generally held that the district in which the appeal originated is the relevant 'community' to determine the reasonable hourly rate." Anderson, 2016 WL 1444594, at *8.  The prevailing market rates for attorneys in the Southern District is found in several recent decisions that review other court filings. See e.g., Dancy v. McGinley, 141 F. Supp. 3d 231, 237 (S.D.N.Y. 2015) (awarding appellate counsel an hourly rate of $400.00 an hour); De Hui Mu v. Han Dynasty Nyu Corp., 2018 U.S. Dist. LEXIS 181110, at *6 (S.D.N.Y. Oct. 17, 2018) (finding associate with five years of experience's hourly rate of $320 reasonable in evaluating fairness of a settlement); Pastor v. ABC Metro Cleaners, Inc., 2018 U.S. Dist. LEXIS 210589, at *5-6 (S.D.N.Y. Dec. 12, 2018) (finding fee of $450 reasonable for partner and $400 at senior associate reasonable in evaluating fairness of settlement).  As for paralegal work, in recent FLSA

3

actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable." Rosales v. Gerasimos Enters., Inc., No. 16-CV-2278, 2018 WL 286105, at *2 (S.D.N.Y. Jan. 18, 2018).

### III. Discussion

Because the Court of Appeals affirmed the judgment in its entirety, Plaintiffs are the prevailing parties and entitled to the attorney's fees and costs expended on the appeal.

The hourly rate sought here – $400 for Mr. Schweitzer – is reasonable.  It is slightly higher than the rate of $350 awarded for work performed between 2019 and 2021 in this case and also reflects recent awards in that amount. See, e.g., Junjiang Ji et al. v. Jling, Inc. et al., No. 15-CV-04194 (SIL) (E.D.N.Y. Mar. 2, 2023) (awarded after trial); Wen Zhang v. Four Seasons, No. 18-CV-08259 (GHW) (S.D.N.Y. Feb. 8, 2023 oral ruling); Blanca Sagbaciela v. Ruby Nail Tarrytown, Inc. (New York State, Westchester County Feb. 27, 2023 oral ruling); Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al. (New York State, N.Y. County Apr. 27, 2022 Oral Order).

The Court has reviewed the filing by Mr. Schweitzer and, like his work at trial, finds it to be well done, thus meriting an award of $400 per hour.  The Court has also reviewed the hours expended in connection with the brief and preparation for oral argument and finds them to be reasonable.

In addition, the Court has reviewed the time expended by Preethi Kilaru, who performed various legal assistant-type services in connection with the appeal.  Ms. Kilaru was previously awarded $200 per hour in <u>Blanca Sagbaciela v. Ruby Nail Tarrytown, Inc.</u> (New York State, Westchester County Feb. 27, 2023 oral ruling); <u>Yong Xu v. Kealoha Sushi Inc. et al.</u>, No. 19-CV-1185 (PAE)(SDA) (S.D.N.Y. August 24, 2021); <u>Lianhua Weng v. Kung Fu Little Steamed Buns et al.</u>, No. 17-CV-00273 (LAP) (S.D.N.Y. May 21, 2021); <u>Hu et al v. 226 Wild Ginger Inc. et al.</u>, No. 17-CV-10161 (JGK)(KNF) (S.D.N.Y. Oct. 7, 2020); <u>Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.</u> (New York State, N.Y. County Apr. 27, 2022 Oral Order); and $150 per hour in <u>Junjiang Ji et al. v. Jling, Inc. et al.</u>, No. 15-CV-04194 (SIL) (E.D.N.Y. Mar. 2, 2023); <u>Zhang v. Chongqing Liuyishou Gourmet NJ Inc</u> No. 18-cv-10359 (CCC)(SCM); and in <u>Yatao Wang v. Maxim International Group, Inc.</u>, American Arbitration Association Case No. 01-20-0000-0617 Final Award (June 1, 2021).  The Court finds both the rate of $200 per hour and the hours expended by Ms. Kilaru to be reasonable.

**IV.  Conclusion**

The motion (dkt no. 156) is granted, and the Troy Law Firm is awarded $23,844.00 in fees for defending the appeal in this matter.  Counsel shall submit a form of judgment.

The Clerk of the Court shall close the open motion. (Dkt. no. 156.)

**SO ORDERED.**

Dated:    New York, New York
          April 20, 2023

_____
LORETTA A. PRESKA
Senior United States District Judge