# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

August 29, 2023

Guofeng Li, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: gli@hanglaw.com

**VIA ECF**

Hon. Judge Loretta A. Preska
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re **Weng et al v. Kung Fu Little Steamed Buns Ramen, Inc. et al**
Case No. 1:17-cv-00273-LAP

Reply to Opposition to Motion to Quash Information Subpoena to Former Counsel of Defendants and Subpoena Duces Tecum to Former Counsel of Defendants

Dear Judge Preska:

This law office represented all the Defendants before February 2020 in the above-referenced matter.

In its LETTER RESPONSE in Opposition to Motion addressed to this Honorable Court dated August 17, 2023, Troy Law did not quote any binding or even persuasive case law warranting his position that the former lawyer should reveal the confidences of his or her client, which is opposite to the ruling by the District Judge Hon. Louis L. Stanton in the case of *Astraea N.Y. City Llc v. Rivada Networks*, 592 F. Supp. 3d 181, 183 (S.D.N.Y. 2022). In that case, Plaintiff, Astraea NYC LLC, a judgment creditor, served a Restraining Notice with Information Subpoena on Schulte Roth & Zabel ("Schulte"), a law firm which represented the defendant at the arbitration hearing, seeking information in connection with enforcing the judgment against the defendant, and owed to Astraea. *Id, 182*. The main points of the information subpoena are similar to subpoenas served by Troy Law to this law firm, seeking the information about client's financial matters, like payments, sources of payments, assets held and indebtedness, such as "wire transfer, ACH, electronic transfer, check, money order, or other instrument" and "financial institution the payment

originated from, the account numbers listed and attach copies of any documentation evidencing such payment." *Astraea N.Y. City Llc v. Rivada Networks*, Case # 1:21-cv-10493-LLS, Dkt. No. 23-1*9, filed on March 2, 2022. The Court did not discuss whether this kind of information about client belongs to the "confidences", but ruled that the words "any person" in the rule of "the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena. . ." N.Y.C.P.L.R. § 5223 would not ordinarily be taken as including "any law firm" or "that person's lawyers." *Astraea N.Y. City Llc*, 592 F. Supp. 3d 181, 182 (S.D.N.Y. 2022)

In *Astraea N.Y. City Llc*, the Court did not adopt Astraea's argument that information about defendant's counsel's representation and information about financial matters, like payments, sources of payments, assets held, indebtedness, are not matters of privilege and thus seeks to compel the compliance of defendant's counsel. *Id*. The Court unequivocally held that "special policies" traditionally prevent the applications of compelling "disclosure of all matter relevant to the satisfaction of the judgment" to relationships such as doctor and patient, husband and wife, lawyer and client, priest and penitent. *Id*. Those persons may not be compelled to reveal matters learned in the course of their relationship. *Id*.

In the case at issue, the primary intention of the subpoenas served by Troy Law to this law firm is to compel the information about financial matters, like payments, sources of payments, assets held, indebtedness, which can be evidenced by the following request:

> "3. All documents and communications concerning payments received from or on behalf of either of Zhe Song a/k/a Peter Song since January 13, 2017. This includes, but is not limited to, any wire transfers, direct deposits, or other transfers of money. For any such payments, include the bank, account number, SWIFT code, and any other identifying information for the sending account. To the extent that payments were made by a third party on behalf of Zhe Song a/k/a Peter Song, include the identity of the third-party payer."

Dkt. No. 165-1, at *10.

However, in its opposition to the motion to quash, Troy Law intentionally changed this request into the following:

> "*Documents and communications concerning payments received from or on behalf of Zhe Song a/k/a Peter Song since January 13, 2017.*"

Dkt. No. 168, at *3.

In addition, Troy Law changed request 10 from "All documents relating to any monies or other items of value that may be recovered, or have been recovered, on behalf of Zhe Song a/k/a Peter Song in connection with any litigation or dispute with third parties" (Dkt. No. 165-1, at *11) to "*Other documents relating to money or other items that may be recovered*."(Dkt. No. 168, at *3) The motive for **this sanctionable misrepresentation** to the Court is dubious.

It is undisputed that the information about client's financial matters, especially "the bank, account number, SWIFT code, and any other identifying information for the sending account" about the client are matters learned in the course of the attorney-client relationship. Therefore, former counsel or the current counsel of losing defendant should not be compelled to reveal such matters.

If this law firm's motion to quash were denied and were compelled to reveal the information about client's financial matters, the precedent would drive the future defendant-clients to pay their attorneys with piles of cash to avoid the possibility of disclosing their bank account information or other assets, thus injecting "uncertainty into the whole course of her [losing attorney] representation and the trial." *Astraea N.Y. City Llc*, 592 F. Supp. 3d 181, 183 (S.D.N.Y. 2022).

Therefore, as a concerned party, this law firm respectfully requests that the Court quash the meritless subpoenas and that Troy Law be ordered to pay the legal fees and costs this law firm was forced to incur in obtaining a court order to quash the information subpoenas.

We appreciate the Court's time and attention to this matter.

Respectfully Submitted,

Hang & Associates, PLLC
By: /s/ *Guofeng Li*
Guofeng Li, Esq.
*Former Attorneys for Defendants*

Cc: (via ECF)

All counsel of record