```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| LIANHUA WENG, et al.,<br><br>               Plaintiffs,<br><br>-against-<br><br>KUNG FU LITTLE STEAMED BUNS RAMEN, INC., et al.,<br><br>               Defendants. | No. 17-CV-273 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    The Court has reviewed the parties' letters dated July 20, August 17, and August 29, 2023, regarding the Defense Counsel's motion to quash subpoenas served by Plaintiffs. (Dkt. nos. 165, 168, and 170.) Defense Counsel objects to Plaintiffs' seeking "'documents and communications concerning payments received from or on behalf of either of Zhe Song a/k/a Peter Song since January 13, 2017,' including, but not limited to, 'any wire transfers, direct deposits, or other transfers of money and the information of the payments, including the bank, account number, SWIFT code, and any other identifying information for the sending account.'" (Dkt. no. 165 at 3.)

> Post-judgment discovery is governed by Federal Rule of Civil Procedure 69, which provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment.

1

EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012), aff'd sub nom. Republic of Argentina v. NML Capital, Ltd., 573 U.S. 134 (2014). "Under New York law, a judgment creditor can use an information subpoena to compel disclosure of information relevant to a judgment debtor's satisfaction of the judgment." Jones v. Milk River Cafe, LLC, No. 17-CV-3120, 2022 WL 3300027, at *3 (E.D.N.Y. Aug. 11, 2022) (citation omitted). "Sections 5223 and 5224 of New York's Civil Practice Law and Rules ('CPLR') govern the service of and requirements for the issuance of an information subpoena." Am. Builders & Contrs. Supply Co. v. CR1 Contr., LLC, No. 20-cv-06302, 2022 WL 16734684, at *2 (W.D.N.Y. Nov. 7, 2022).

Clients' identities and "information concerning any fees they have paid or retainer agreements entered into" are not privileged. Libaire v. Kaplan, 760 F. Supp. 2d 288, 295 (E.D.N.Y. 2011) (citing In re Grand Jury Subpoena Served Upon John Doe, 781 F.2d 238, 247 (2d Cir. 1986) (en banc) ("We consistently have held that, absent special circumstances, client identity and fee information are not privileged.") This information is exactly what Plaintiffs seek in the subpoenas that are the subject of Defense Counsel's motion to quash. Thus, Defense Counsel's motion to quash, (dkt. no. 165), is DENIED. Defense Counsel shall produce the requested information forthwith but in no event later than September 21, 2023.

2

The Clerk of the Court shall close the open motion. (Dkt. no. 165.)

**SO ORDERED.**

Dated:   September 7, 2023
         New York, New York

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge